## Hermany et al. v. Fidelity Mut. Life Ass'n, Appellant.

| 151 | 17 |
| 183 | 506 |
| 151 | 17 |
| 186 | 641 |
| 151 | 17 |
| 187 | 205 |
| 151 | 17 |
| e 20 SC | ³ 68 |

*Life insurance—Incorrect statements of applicant.*

Statements made by an applicant for life insurance, which are in fact incorrect and untrue, will not avoid the policy, if they are immaterial to the risk, and are made in good faith and in the belief that they are true.

*Waiver of the act of June 23, 1885.*

The act of June 23, 1885, P. L. 134, providing that policies of life insurance shall not be forfeited on account of incorrect statements of the applicant, if such statements are immaterial to the risk, cannot be waived by the assured.

*Evidence—Subsequent declarations—Pension application.*

In an action on a policy of life insurance, where the beneficiaries are the widow and children of the assured, it is proper to exclude evidence that the assured, after the date of the policy, filed an application for a pension wherein he made statements inconsistent with his statements to the insurance company.

Argued Feb. 6, 1891. Appeal No. 234, Jan. T., 1891, by defendant, from judgment of C. P. Lehigh Co., Sept. T., 1888, No. 24, on verdict for plaintiffs, Sarah Hermany et al. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, CLARK, MC-COLLUM and MITCHELL, JJ.

Assumpsit on policy of life insurance.

On the trial before ALBRIGHT, P. J., the evidence was to the following effect: Lewis Hermany, on Jan. 6, 1887, took out a life policy payable to plaintiffs his wife and children. Notice of death was given the president of defendant company in writing, as required by the by-laws of the company. Mrs. Hermany answered the questions in a blank furnished by defendant. Drs. Shade and Erb also answered questions propounded to them. The president of the company said to one of plaintiff's attorneys that the company was satisfied with these proofs and might require some additional ones on a blank to be furnished him. In Mrs. Hermany's answer she stated that decedent, in October, 1886, went to Buffalo to see Dr. Pièrce.

Defendant offered evidence which tended to prove that the assured, Lewis Hermany, made statements in his application for the policy which were false; that in his application he had stated that he had not consulted a physician during the pre-

ceding ten years, when in fact he had consulted Drs. Graver and Rowe, the latter a physician attached to Dr. Pierce's Medical Institute; that he had stated that he was in good health when in fact he was suffering from disease of the urinary and genital organs.

Defendant offered in evidence pension application of Lewis Hermany. Objected to as incompetent and irrelevant.

By the Court: It appearing that the policy was issued on Jan. 6, 1887, and that the loss is payable to the wife of the insured and their children, and, in the event of their prior death, to revert to the insured; and it appearing that the wife and children survive the insured, and the contract, therefore, for all practicable purposes being between the company and the wife and children, the subsequent statement made by the insured when he applied for a pension in 1888, in other words, his subsequent declarations, cannot be received to affect the beneficiaries in the policy. Exception. [13, 14]

Defendant also offered in evidence the pension examination by Dr. Shade. Objected to, objection sustained, for same reason as before, and exception. [15]

The court charged in part as follows:

" Now, as I have said to you, that certain proofs were required to be furnished before the claimants had a right to sue, I instruct you, gentlemen, that the proofs that were furnished, and that are in evidence here, were sufficient to entitle the plaintiff to sue—it is in my opinion not a question for the jury to decide whether sufficient proofs had been furnished to entitle the plaintiffs to bring this suit. [16] . . . .

" There is an act of assembly of this state, which has a bearing upon life insurance policies, viz.: The act of 1885, which was in force at the time this insurance was made, and so far as its terms apply to this contract and the controversy before you it governs. It provides that, when the application for a policy of life insurance contains a clause of warranty of the truth of the answers therein contained, no misrepresentation or untrue statement in such application made in good faith by the applicant, shall effect a forfeiture or be a ground of defence in any suit brought upon any policy of insurance issued upon the faith of such application, unless such misrepresentation or untrue statement relates to some matter material to the risk. In

the contract of insurance in this case, it is provided that the insured waives the provisions of any statute which might affect the contract of insurance; in other words, the insured is made to say that he will stand by what he promised in his contract of insurance even although an act of assembly provides to the contrary—that he waives the act of assembly. In the opinion of the court, that stipulation is not binding. The court is of the opinion that it would be contrary to public policy to permit this statute, which was made for the benefit of the insured, and possibly also for insurance companies, to be disregarded by parties who enter into contracts of insurance, and so I instruct you, that that clause of the contract is invalid, and that the act of assembly is to govern. [17] . . . .

" It is alleged, as has already been alluded to, that he had the urinary disorder, uræsemia, which it is said consists of excessive acid in the urine; that he had local disorders, excoriations, and it is claimed that the statements of the deceased in that respect were not true as to these matters. Gentlemen, we instruct you that if they were made in good faith by the deceased, even although they were not true, that that alone cannot prevent a recovery here. While the policy and application say that all the answers of the insured shall bind him, whether made in good faith or not, I hold that the act of 1885, which says that the insured shall not be prejudiced by misstatements made by him in good faith, applies to the statements I am now referring to, and, if it is found by you that they were not material—and the question is referred to you whether they are material or not—then you can say that they do not prejudice these plaintiffs or prevent a recovery. [18] . . . .

" If Lewis Hermany, when he said he did suffer from these disorders which the defendant says he did suffer from, and you find that he was afflicted with them, and even although he answered untruthfully, still, if you find that he did it honestly, and not with any intention of concealing the truth, or of stating an untruth, and you further find that it did not affect his health, nor cause his death, then you can say that the plaintiffs may recover, and that notwithstanding the untrue statement. [19] . . . .

" In the original proofs of death there is a statement by Mrs. Hermany that within the last five years, that is, five years be-

fore the time the proof was made, from August, 1888, her husband had consulted six or seven physicians, Shade, Graver, Erb, Pepper, DaCosta, etc. That answer in itself does not show that the statement of the insured about the physicians was untrue, because those five years include the one year and odd months, between the insurance and the death of the insured. He might have consulted those doctors after the insurance. She always says he went to Buffalo in October, 1886, to see Dr. Pierce. This statement of the widow is to be taken as a declaration made by her against interest. But she alone is not suing here. She and her children are suing here, and this statement is susceptible of explanation, and it is to be taken along with the other evidence in the case, and, if you find that this and the other evidence shows a breach of the policy, then the plaintiff cannot recover. If otherwise, it would not prevent the recovery by the plaintiffs." [20]

Defendant's points were as follows, inter alia :

"1. The insured, the said Lewis Hermany, deceased, in his application to the defendant for the policy in suit, warranted that he had no usual medical attendant, and that he did not consult or obtain the advice of any other medical man within the ten years preceding the making of said application. The uncontradicted evidence shows that he, the said Lewis Hermany, consulted Dr. J. D. Graver, a medical man, within the ten years preceding the making of said application. The plaintiffs cannot, therefore, recover, and your verdict will be for the defendant. *Answer :* Negatived. It is referred to the jury whether he consulted a physician as explained in the general charge." [1]

" 2. The uncontradicted evidence shows that the insured, the said Lewis Hermany, consulted Dr. G. A. Rowe, a medical man of Buffalo, N. Y., within ten years immediately preceding the making of his said application for the policy in suit. The plaintiffs cannot therefore recover, and your verdict will be for the defendant." Negatived. [2]

" 3. The uncontradicted evidence shows that the said Lewis Hermany consulted Dr. D. S. Shade, a medical man, within the ten years preceding the making of his said application for the policy in suit. The plaintiffs cannot, therefore, recover, and your verdict will be for the defendant." Negatived. [3]

" 5. The policy sued upon provides, that satisfactory proof of the death of the insured, and of the just claim of the assured, or of any other person as executor, administrator, guardian or assign, be given to the defendant. This provision is a condition precedent, and must be fully complied with. The proofs presented to and filed with the defendant, show that the said Lewis Hermany had, within ten years before the making of his said application to the defendant for the policy in suit, consulted Dr. G. A. Rowe. The said proofs are not, therefore, such as are required by the terms of the contract sued upon in that they do not show a just claim. The plaintiffs cannot, therefore, recover, and your verdict will be for the defendant." Negatived. [4]

" 6. The said Lewis Hermany warranted in his said application that he had not had, since childhood, disease of the genital or urinary organs. The uncontradicted evidence shows that he had, prior to the making of said application, disease of the genital or urinary organs. The plaintiffs, therefore, cannot recover, and your verdict will be for the defendant." Negatived. [5]

" 7. The insured, in his application, having waived the benefit of the Act of June 23, 1885, the said statute is therefore not applicable to this case." Negatived. [6]

" 8. The parties having agreed that the statements and answers of the applicant should be material, the question of their materiality is removed from the consideration of the jury." Negatived. [7]

" 10. Under all the evidence the verdict must be for the defendants." Negatived. [8]

The 12th and 13th points appear in the opinion of the Supreme Court. [9, 10]

" 14. If you believe the statement made by Mrs. Sarah Hermany, one of the plaintiffs, and contained in the proofs of death presented to the defendant, then your verdict will be for the defendant. *Answer :* Negatived. The statements as to diseases before the date of application do not absolutely prevent a recovery—the questions of materiality and good faith are to be considered, as already set forth in the answer to these points. The statements as to consultation of physicians during the last five years of insured's life, do not exclude the idea

that he may have consulted the physicians named after the date of application." [11]

"15. Mrs. Sarah Hermany, one of the plaintiffs, having testified that said Lewis Hermany had, within one year prior to the making of said application, consulted a physician in Buffalo, New York, your verdict must therefore be for the defendant. *Answer:* If the fact is found to be as here stated, the plaintiffs cannot recover. Thus qualified the point is affirmed." [12]

Verdict and judgment for plaintiffs. Defendant appealed.

*Errors assigned* were (1–13) answers to defendant's points, quoting points and answers; (13–15) rulings on evidence, quoting the bills of exception; (16–20) the portions of the charge as above, quoting them.

*C. J. Erdman, W. S. Campbell* with him, for appellant.

*Edward Harvey*, with him *James L. Schaadt* and *Henninger & Dewalt*, for appellees.

OPINION BY MR. JUSTICE STERRETT, October 3, 1892.

This case hinged mainly on questions of fact which were exclusively for the consideration and determination of the jury. These questions, together with the evidence relating thereto, were fairly submitted to them by the learned president of the common pleas in a clear and comprehensive charge to which, as a whole, no just exception can be taken. A verdict having been rendered for the plaintiffs, it must now be conclusively presumed that the cardinal facts were all found in their favor; and, unless some error of law contributed to that result, the judgment should not be disturbed.

Fifteen points for charge were submitted by defendant. In the 11th the court was requested to charge as follows: "If you believe that Lewis Hermany, the insured, within ten years prior to making said application, consulted or was prescribed for by either Dr. Shade, or Dr. Graver or Dr. Rowe, then your verdict will be for the defendant." This point was affirmed without qualification. In view of the verdict for plaintiffs, it necessarily follows that the facts of which it is predicated were all found against the defendant.

The 12th, 13th and 15th points, as presented, might have been refused, but each of them was affirmed with a qualifica-

tion, which, in view of the evidence, was entire y proper.   In the first of these, the request was to charge: "If you believe that said Lewis Hermany, within ten years prior to the making of said application, had disease of the genital or urinary organs, then your verdict will be for defendant."   This was affirmed—"provided the jury finds that the misrepresentation was material to the risk.   But, if the jury find that the diseases here referred to were not material to the question, whether or not Lewis Hermany should obtain the insurance, then, if the jury find that Lewis Hermany made the statements and they were untrue, but he believed his statements to be true—made them in good faith,—had forgotten or never knew of the existence of said disease, then the plaintiffs may recover."

In view of the provisions of the act of June 23, 1885, P. L. 134, it cannot be doubted that the qualification was proper.   The first section of that act provides that in warranties contained in such applications, no misrepresentation or untrue statement made in good faith by the applicant, "shall effect a forfeiture, or be a ground of defence" in any suit, etc., "unless such misrepresentation or untrue statement relate to some matter material to the risk."   This act has effected a change in life insurance contracts,—a much needed change so far as some insurance companies are concerned. The questions of materiality and good faith are ordinarily questions of fact, and therefore for the jury.   They were certainly so in this case.

The 13th point, in which the court was requested to charge: "If you believe that Lewis Hermany, at the time of making said application, was not in good health, your verdict will be for the defendant," was affirmed, and rightly qualified in same language as the preceding point.

For obvious reasons the qualified affirmance of the 15th point was fully warranted by the circumstances of the case. The fact, of which the point is predicated, was properly submitted to the jury, under all the evidence, with instructions that if they found it to be true the plaintiffs could not recover.

Further reference to the specifications, relating to the answers to defendant's points, is unnecessary.   To notice them separately, or at greater length, would serve no useful purpose. The first twelve specifications are not sustained.

We are not convinced that there was any error in overruling either of the offers of evidence recited in the 13th, 14th and 15th specifications respectively. The reasons suggested by the court appear to justify the action complained of.

There was no error in charging the jury as complained of in the 16th to 20th specifications inclusive. The proofs, referred to in the first of these excerpts from the charge, were for the court and we think no undue effect was given to them.

In the portion of the charge recited in the 17th specification, after referring to provisions of the Act of 1885, relating to warranties in applications for life insurance policies, heretofore briefly noticed, and also to the fact that the policy in suit contains a waiver by the insured of the provisions of any statute which might affect the contract of insurance as expressed in said policy, etc., the learned judge held in substance, and so instructed the jury, that notwithstanding such comprehensive waiver, full force and effect must be given to the provisions of said act.

The first section of the act declares that " whenever the application for a policy of life insurance contains a clause of warranty of the truth of the answers therein contained, no misrepresentation or untrue statement in such application, made in good faith by the applicant, shall effect a forfeiture, or be a ground of defence in any suit brought upon any policy of insurance issued upon the faith of such application, unless such misrepresentation or untrue statement relate to some matter material to the risk." The evident purpose of this legislation was to strike down, in this class of cases, literal warranties so far as they may be resorted to for the disreputable purpose of enforcing actually immaterial matters. It provides a rule of construction for the purpose of preventing injustice; and it is as much the duty of courts to enforce such rules as it is to administer the statute of frauds and perjuries. It would be contrary to public policy to recognize the right of parties to circumvent the law by setting up a waiver such as was insisted on in this case. The court was therefore right in holding that the waiver was invalid.

There appears to be nothing in those portions of the charge complained of that would warrant a reversal of the judgment.

Judgment affirmed.

Mr. Justice Mitchell dissents.