MARIA KULLBERG *vs.* HUGH R. O'DONNELL.

Suffolk.   November 17, 1892. — March 4, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Further Instructions — New Trial — Practice.*

After the case had been committed to the jury, the judge presiding at the trial sent for them, and in open court, though in the absence of counsel on both sides, gave them further instructions, after which they returned a verdict for the defendant. *Held*, that the plaintiff had no ground of exception.

It is the duty of the parties or their counsel to be present in court while it is open, after the trial of an action has begun until it is concluded, and the presiding justice cannot be prevented from giving further instructions to the jury because one or both of the parties, or their counsel, choose to absent themselves from the court while in session and while the jury are deliberating upon the case.

TORT, for slander. At the trial in the Superior Court, before *Thompson*, J., after the jury had retired to deliberate on their

verdict, the judge sent for them, and in open court, though in the absence of counsel on both sides, gave them further instructions, as follows:

" I intended to call your attention before you retired to the importance of your coming to a verdict in this case. As you learned from the remarks of counsel, this case has been tried before. It is important, both for the plaintiff and for the defendant, that the jury should come to a verdict. The trial of a case is attended with a great deal of expense to both parties, and to the county. This is the mode provided by law for the trial of cases. There is no reason to believe that there will ever be a jury who will be better able to deal with the questions involved in this case than you are, and you ought to come to a verdict if you can conscientiously do so; and in considering the questions involved, you are to approach them with a disposition to agree; you ought to give proper weight to all the evidence. While it is a verdict of each, as well as the verdict of the twelve, you ought, if you can conscientiously, to come to a verdict; you ought not to say, unless you are compelled to, that you cannot come to a verdict. I shall have to ask you to consider the case further, and hope you will be able to arrive at a verdict."

After a verdict for the defendant, the plaintiff filed a motion for a new trial, which motion was denied; and the plaintiff alleged exceptions.

*J. W. Low*, for the plaintiff.

*T. Riley*, for the defendant.

FIELD, C. J. The presiding justice sent for the jury after the case had been committed to them, and they were brought into the court-room while the court was in session, and in open court the justice further instructed them "in the absence of counsel on both sides," after which the jury returned a verdict for the defendant. The plaintiff's counsel contends, as matter of law, that he is entitled to a new trial, because the jury were thus instructed in his absence. In *Sargent* v. *Roberts*, 1 Pick. 337, 342, it was said: " No communication whatever ought to take place between the judge and the jury, after the cause has been committed to them by the charge of the judge, unless in open court, and, where practicable, in presence of the counsel in the

cause." In *Commonwealth* v. *Roby*, 12 Pick. 496, 518, it was said that the verdict was set aside in *Sargent* v. *Roberts*, " on the ground that the practice 'then prevailing was improper, and that it was important that all instructions to the jury should be given in open court." In *Merrill* v. *Nary*, 10 Allen, 416, 417, it was said: " The only regular and safe mode of conducting trials is, for the court to instruct the jury on all material points before they retire to deliberate upon their verdict, and, if they have occasion for further information, they should return into court and state the questions on which they wish for further advice, and receive in open court such directions as may seem to the judge material and necessary." See *Read* v. *Cambridge*, 124 Mass. 567. It is plain that the point decided is, that all instructions to the jury must be in open court. It is the duty of the parties or their counsel to be present in court while it is open, after the trial of an action has been begun until it is concluded, and the presiding justice cannot be prevented from giving further instructions to the jury because one or both of the parties or their counsel choose to absent themselves from the court while in session, and while the jury are deliberating upon the case. It may be a convenient practice to send for the counsel if they are near the court-house, in order that they may hear the instructions given and take exceptions if they see fit, but this is not required as matter of law, and the circumstances may be such as to render it impracticable.

*Exceptions overruled.*