NELLIE LEVIE *vs.* METROPOLITAN LIFE INSURANCE
COMPANY.

Hampden.    September 25, 1894. — February 28, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP,
& BARKER, JJ.

*Life Insurance — Misrepresentation in Application for Policy — Law and
Fact — Exceptions.*

In an action upon a policy of life insurance, the application for which contains an
agreement that its answers and statements shall be part of the contract of in-
surance, and that any false, incorrect, or untrue answer shall render the policy
void, whether answers and statements in the application were misrepresenta-
tions, and, if so, whether, under St. 1887, c. 214, § 21, they were "made with
actual intent to deceive," or "the matter misrepresented increased the risk of
loss," are questions of fact for the jury.

CONTRACT, upon a policy of insurance for $1,000, issued by
the defendant upon the life of John McGearey, and payable to
the plaintiff, who was his sister. At the trial in the Superior
Court, before *Fessenden,* J., the defendant asked the judge to
rule that, upon the whole evidence, the plaintiff could not re-
cover, and to direct a verdict for the defendant; but the judge
refused so to do.

The jury returned a verdict for the plaintiff; and the defend-
ant alleged exceptions. The facts sufficiently appear in the
opinion.

The case was argued at the bar in September, 1894, and after-
wards was submitted on the briefs to all the judges.

*E. H. Lathrop,* for the defendant.

*J. B. Carroll,* for the plaintiff.

BARKER, J. The written application for insurance upon
which the policy issued was made on June 6, 1892, and the
assured died of acute consumption on January 12, 1893. The
application contained an agreement that its answers and state-
ments should be part of the contract of insurance, and that any
false, incorrect, or untrue answer should render the policy void.
Assuming that this language gave to each statement of the appli-
cation the technical character of a warranty, nevertheless our

statute provision that " No oral or written misrepresentation made in the negotiation of a contract or policy of insurance by the assured, or in his behalf, shall be deemed material, or defeat or avoid the policy, or prevent its attaching, unless such misrepresentation is made with actual intent to deceive, or unless the matter misrepresented increased the risk of loss," precludes the defendant from prevailing, unless it is established, not only that the statements or answers were incorrect, but also either that the misrepresentations were made with actual intent to deceive, or that the 'matter misrepresented increased the risk of loss. St. 1887, c. 214, § 21.   See also St. 1878, c. 157, § 1; Pub. Sts. c. 119, § 181; St. 1894, c. 522, § 21; *White* v. *Provident Savings Assurance Society, ante,* 108; *Ring* v. *Phœnix Assurance Co.* 145 Mass. 426; *Durkee* v. *India Ins. Co.* 159 Mass. 514.

Whether the statements and answers of the application were incorrect, and whether, if they were incorrect, the misrepresentations were made with actual intent to deceive, or, if not so made, whether the matter misrepresented increased the risk of loss, were all questions of fact, to be submitted, if there was a conflict of evidence, to the jury with proper instructions.   The only exception stated in the bill is to the refusal of the court to rule that, upon all the evidence, the plaintiff was not entitled to recover, and to direct a verdict for the defendant.   We might overrule the exceptions upon the ground that the bill does not present or purport to present to us either all the evidence or the substance of the evidence.   But assuming in favor of the defendant that the substance of the evidence is stated, in our opinion the ruling asked could not have been properly given.

We construe the question, " Are you ruptured, and if so, do you wear a well-fitting truss? " to relate to the time of the answer; and, conceding that upon the evidence the only reasonable finding was that the assured had suffered from a strangulated hernia in the year 1891, there was evidence tending to show that he had recovered from it before the time of the application.   It is not a matter of law that a person who has once had hernia is thenceforward " ruptured."   Whether the negative answer to this question was correct or incorrect was therefore a question of fact, and the jury may have found that the answer was correct.

The questions growing out of the evidence that, at some time before making the application for insurance, the assured had been ruptured, and had suffered from strangulated hernia, which was reduced only after the calling of two physicians and the application of ether, are the only questions argued by the defendant. We assume that this experience of the assured was an illness which truth required him to disclose, in place of giving a negative answer to the question, " Give full particulars of any illness you may have had since childhood, and name of medical attendant or attendants," and that his answer was a misrepresentation which but for the statute cited would have avoided the policy. But we cannot say from the bill of exceptions that there was evidence which required the jury to find that the misrepresentation was made with actual intent to deceive, or that such an illness followed by a recovery increased the risk of loss. Very probably it might make the life of the assured less readily insurable, but whether it did so was a question of fact.

We also assume that by a fair construction the assured must be taken to have stated that the services of his usual medical attendant, whose name he gave, had been required only for the " grippe," and that he had consulted no other physician, and that, in view of the fact that both his usual medical attendant and another physician had operated upon him to reduce the hernia spoken of, both of these statements were misrepresentations.

But the two facts made essential by the statute to avoid the policy were still to be found by the jury as to these misrepresentations also, and the evidence stated in the bill of exceptions did not require a finding upon them for the defendant. Upon the evidence, all the misrepresentations might have been found to be made without actual intent to deceive, and it might also have been found that the matters misrepresented did not increase the risk of loss. There was a motion to set aside the verdict as against the evidence and the weight of the evidence, but upon this bill of exceptions we cannot review the order of the justice before whom the trial was had, denying the motion.

*Exceptions overruled.*