ALPHEUS MERRITT *vs.* NEW YORK, NEW HAVEN, AND
HARTFORD RAILROAD COMPANY.

Hampshire.     September 17, 1895. — October 18, 1895.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Trial — Reading by Stenographer of Testimony of Witness at former Trial in
Answer to Question by Jury to Judge after Retirement.*

If the jury, while deliberating upon their verdict in a case, send a question to the
judge as to the evidence upon a material point in the cross-examination of a
witness at a former trial of the case, whose testimony had been taken steno-
graphically at that trial, and, by agreement of the parties, had been presented
to the jury at this trial, his attendance not having been secured, by reading a
typewritten copy of it, and the judge, having recalled the jury into court, directs
the official stenographer to read to them the whole cross-examination of the
witness, which is done without comment by any one, such course is not open to
objection.

TORT, for personal injuries occasioned to the plaintiff by being
thrown to a station platform while alighting from the defend-
ant's train at Port Chester, New York. After the former de-
cision, reported 162 Mass. 326, the case was tried in the Superior
Court, before *Hopkins*, J., who allowed a bill of exceptions, in
substance as follows.

The plaintiff was a passenger on a way train from South Nor-
walk, Connecticut, to Port Chester, on the evening of December
20, 1892, and rode with his nephew in a seat facing forward,
near the middle of the car. As the train approached Port
Chester the brakeman called the station, and passed out at the
rear of the car the plaintiff was in, leaving the door open. The
plaintiff introduced evidence tending to show that he left his
seat just as the car came to a stop at the station; and that he
proceeded rapidly to the rear door and to the platform of the car
to alight, when, as he was stepping off to the platform of the
station, the car started suddenly with a jerk, and without warn-
ing to him, and threw him violently to the platform of the
station, and he received the injuries complained of.

The defendant introduced evidence tending to show that the
plaintiff did not rise from his seat until the train started to leave

the station, after having stopped a reasonable time to allow passengers to get off and others to get on; and that he then passed to the platform of the car and got off the train while it was in motion and against the warning of the brakeman, and in so doing fell and was hurt. One issue in the case was as to the due care of the plaintiff, and the evidence was conflicting as to whether he started to descend from the platform of the car to the station platform when the train was at rest or after it had started.

Before the trial commenced, the defendant moved to continue the case on the ground of the absence of two of its material witnesses, Jacob Heil and James F. Cushion, residents of Connecticut. The motion to continue was not in writing, but the defendant's counsel stated the facts with reference to the absence of these witnesses, the materiality of their testimony, and the efforts of the defendant to secure their attendance; that they had promised to attend this trial, and the defendant, relying on such promise, had not taken their depositions; that they would have attended had not their employer told them they would be discharged by him if they did so; that they had testified at the previous trial of the case; and that he had a type-written copy of their testimony then given, made by the official stenographer of the court. The judge ruled that the defendant made out a case for continuance; and that, upon putting the motion in the form of an affidavit, the motion would be allowed and the case continued, unless the plaintiff admitted that the witnesses would testify, if present, as stated, and would agree that their testimony should be received and considered as evidence on the trial in like manner as if the witnesses were present and had so testified. The plaintiff agreed to admit all this, and, to save the defendant's counsel the trouble of putting the motion in form, that the testimony of Heil and Cushion, as given at the former trial, might be used with the same effect in all respects as if given in this trial, and that he might read the same from the type-written copy. Upon the trial, the testimony in full of Heil and Cushion was read by the defendant's counsel while putting in the defendant's case, and no objection was made thereto by the plaintiff.

In the charge to the jury the judge said: " It is further con-

tended by the defendant that there were other persons in the car who observed what happened, and that comes before you in the shape of testimony delivered at a former trial. The circumstances under which that has been put before you have been stated by counsel, and you must take that testimony precisely as though the persons were here upon the witness stand, and the claim so far as their testimony is concerned is this: that they observed the fact that the train had come to a stand-still, and that this man was sitting in his seat, and as the train began to move this man rose from his seat and started out while the car was in motion, and that the train continued on and made no stop until the next station."

After the jury had been out deliberating upon their verdict, the following question in writing was sent by the jury to the judge: "Was the testimony of Cushion and Heil that they saw Merritt standing in the aisle of the car when the car started in their cross-examination?" Whereupon the judge sent for the jury, and upon their coming into court directed the stenographer, in the absence of counsel of both parties, to read to the jury the cross-examination in full of Heil and Cushion from the same copy from which the defendant's counsel had read in open court the testimony of the witnesses upon the trial; which the stenographer did. The judge made no comment thereon, and gave no further instructions in the case. The jury again retired, and returned a verdict for the defendant. The plaintiff seasonably filed a motion for a new trial. Upon the hearing of the motion, the plaintiff requested the judge to rule, that it was erroneous to have the cross-examination of the witnesses Cushion and Heil read to the jury in response to their inquiry while they were deliberating on their verdict, and a new trial should be granted by reason thereof; which ruling the judge declined to give, and overruled the motion for a new trial. The plaintiff alleged exceptions.

*W. G. Bassett*, for the plaintiff.

*G. D. Robinson*, for the defendant.

KNOWLTON, J. Under Pub. Sts. c. 170, § 42, " When a jury, after due and thorough deliberation upon a cause, return into court without having agreed on a verdict, the court may state anew the evidence, or any part of it, and explain to them anew the law applicable to the case." See also Pub. Sts. c. 153, § 5.

The jury asked the judge this question: " Was the testimony of Cushion and Heil that they saw Merritt standing in the aisle of the car when the car started in their cross-examination?" An answer to the question might aid the jury in their deliberations, and it was proper for the judge to bring them into court and give them an answer by stating anew that part of the testimony to which the question referred. See *Kullberg* v. *O'Donnell*, 158 Mass. 405. This testimony had been taken stenographically at a former trial, and by agreement of the parties had been presented to the jury at this trial by reading a type-written copy of it. Inasmuch as the evidence to which the question of the jury related was all in writing, the best way of stating it was to read it. The judge, therefore, directed the official stenographer to read the whole cross-examination of each of the two witnesses, which was done without comment by any one. There was no fairer or better way of giving a perfect answer to the question than by reading the whole cross-examination of each witness, which was not very long. It was immaterial whether the reading was by the judge or by some one else appointed by him to do it. While the judge might, in his discretion, have adopted some other way of answering the question, or have refused to answer it, the plaintiff has no legal ground of objection to what was done. Considering the nature of the inquiry and of the evidence to which it related, we hardly see how the judge could have acted more discreetly. See *Alexander* v. *Gardiner*, 14 R. I. 15. *Atchison* v. *State*, 13 Lea, (Tenn.) 275. The reading of stenographic notes in open court by an official stenographer at the request of the judge is expressly authorized by St. 1892, c. 133.

It is not contended that the absence of the counsel in any way affected the right of the judge to answer the question in open court. *Kullberg* v. *O'Donnell*, 158 Mass. 405.

*Exceptions overruled.*