MARY J. RAINGER *vs.* BOSTON MUTUAL LIFE ASSOCIATION.

Hampden.   September 22, 1896. — October 26, 1896.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Life Insurance — Excessive Use of Intoxicating Liquors — Increase of Risk — Misrepresentation in Application for Policy — Trial.*

The habit of using intoxicating liquors to excess increases the risk of loss in life insurance, and a misrepresentation as to such habit by the assured in his application for insurance avoids the policy, under St. 1895, c. 271, whether he did or did not actually or knowingly intend to deceive the insurer by such statement.

It is within the power of the judge presiding at a trial to recall the jury into court after they have deliberated several hours, and, upon the foreman stating that they are unable to agree, to direct them to return a verdict for the defendant.

CONTRACT, upon a policy of insurance for $1,000, issued by the defendant on the life of Fred S. Rainger, and payable to the plaintiff, who was his wife. The answer set up, among other defences, false and fraudulent representations by Rainger in his application for insurance. Trial in the Superior Court, before *Dewey,* J., who directed the jury to return a verdict for the defendant; and the plaintiff alleged exceptions. The facts material to the points decided appear in the opinion.

*H. K. Hawes,* for the plaintiff.

*W. Hamilton,* (*W. H. Brooks* with him,) for the defendant.

MORTON, J. The testimony tended overwhelmingly to show that, at the time when the application was made and the policy was issued, the insured was addicted to the excessive use of intoxicating liquors, and that therefore the answer " Glass of beer once in a day or two," to the question in the application, " Do you use ardent spirits, wine, or malt liquors? If so, to what extent, — average quantity each day?" was false. It is true that the examining physician testified that he " discovered no indications of his drinking only what was noted in the report, occasionally a glass of beer," and that the plaintiff, the widow, testified on direct examination that " he used to drink intoxicating liquor when he felt like it," and that he " got intoxicated once in a while, not very often "; and on cross-examination, that " He used to drink when he felt like it. He did not drink every day, — not to my knowledge. . . . For the last year and a half of his life he was not an habitual user of liquor, — not all the time. He used it when he felt like it." But it is plain that the examining physician relied, not on his own knowledge of the habits of the insured, but on what the insured told him, and the testimony of the widow when considered in connection with that of the other witnesses amounts to little if anything more than a scintilla of evidence. In such a posture of the case it would have been the duty of the court, if a verdict had been rendered for the plaintiff, to set it aside as often as rendered, and consequently to withdraw the case from the jury. *Hillyer* v. *Dickinson,* 154 Mass. 502. *Denny* v. *Williams,* 5 Allen, 1. The plaintiff does not contend

that the insured was not, according to the evidence, in the habit of using intoxicating liquors to excess, but seeks to avoid the effect of the evidence on the ground that it was not shown that he actually or knowingly intended to deceive by the statement which he made in regard to his use of intoxicating liquor, or that the defendant's risk was thereby increased. St. 1895, c. 271. But we can have no doubt that the habits of the insured in regard to the use of intoxicating liquor increased the risk, and that therefore the answer must be held, as matter of law, to have avoided the policy. It is immaterial whether the insured did or did not actually or knowingly intend to deceive the defendant. The statute provides alternatively that the policy shall be avoided if statements are made with intent to deceive, or if the matter misrepresented increases the risk. *Levie* v. *Metropolitan Ins. Co.* 163 Mass. 117. This view of the evidence in regard to the use by the insured of intoxicating liquors, and of its effect, renders it unnecessary to consider whether the testimony in the case shows that he also had consumption, and had misrepresented in regard to his family history.

The plaintiff further contends that it was not within the power of the judge to order the jury to return a verdict for the defendant at the time when and under the circumstances which he did. All that the exceptions state on this point is: "At the close of the evidence arguments were made by counsel, and the presiding justice charged the jury. After the jury had deliberated upon the case for nearly six hours, they were called back into court. The foreman stated that they were unable to agree, and the presiding justice directed the jury to return a verdict for the defendant, to which the plaintiff duly excepted." So far as appears from the exceptions this took place in open court, and, if so, it is clear that the presiding justice had a right to call back the jury and direct them to return a verdict as he did. He did not lose his control over the jury because they had retired to a side room, under his direction, to deliberate on their verdict, and in the further conduct of the trial he could recall them and give them such additional directions or instructions as the case seemed to him to require. *Kullberg* v. *O'Donnell*, 158 Mass. 405. *Merritt* v. *New York, New Haven, & Hartford Railroad*, 164 Mass. 440.   *Exceptions overruled.*