IN THE

# SUPREME COURT OF TENNESSEE

FOR THE

## MIDDLE DIVISION.

---

### NASHVILLE, DECEMBER TERM, 1902.

---

### INSURANCE COMPANY *v.* STALLINGS.

### (*Nashville.* December Term, 1902.)

1. **STATUTORY CONSTRUCTION.** Statute read as if word was repeated therein.

   A statute in these words: "No written or oral misrepresentation or warranty thereof, made in the specifications of a contract or policy of insurance, or on the application therefor, by the assured or in his behalf, shall be deemed material, or defeat or void the policy, or prevent its attaching, unless such misrepresentation is made with actual intent to deceive, or unless the matter represented increased the risk of loss," must be construed as if the word "warranty" were repeated in the last clause thereof.

   Acts cited and construed: Acts of 1895, ch. 160, sec. 22.

   Code cited and construed: Sec. 3306 (S.)

2. **SAME.** Representations and warranties put on the same footing in application for insurance.

Confessedly the intention of the legislature, as shown in the introductory clause of the foregoing statute, was to put "representations" and "warranties" upon the same footing and make them ineffectual to avoid the policy when as affirmations of facts they were made in good faith and were immaterial; which intention prevails despite the failure to repeat the word "warranties" in the concluding clause of the statute.   (*Post, p. 7.*)

3. **SAME. FALSITY.** Of representations of immaterial facts in applications for insurance never asserted to defeat recovery.

Without the aid of the foregoing statute, the law was that only when a representation was made of and concerning a fact material to the risk, could its falsity be asserted to defeat a recovery on a matured policy.   (*Post, pp. 7-8.*)

Case cited and approved: Insurance Company v. Booker, 9 Heisk., 624.

4. **SAME.** Manifest intentions of a remedial statute will prevail over the literal meaning of the terms; warranties in insurance policies.

The foregoing statute is a remedial statute, "intended to relieve against the hardships arising from the enforcement of the common law as to warranties in insurance policies," and the unshaken rule in the construction of such statutes is that its manifest intention will prevail over the literal sense of the terms, and, therefore, "when the expression is special or particular, but the sense is general, the expression shall be deemed general."   (*Post, p. 6.*)

Statute cited and construed:   Acts of 1895, ch. 160, sec. 22.

Cases cited and approved:   Insurance Company v. Bank (C. C. A.), 73 Fed. Rep., 653; Brown v. Prendergast, 7 Allen, 427.

Insurance Company v. Stallings.

5. **SAME. Same. Remedial statute in derogation of common law construed to advance the remedy.**

Although such statute be in derogation of the common law, the rule in construing it is that everything is to be done in advancement of the remedy that can be done consistently with any fair interpretation of the statute. (*Post, p.* 6.)

Case cited and approved: Railroad v. Dunn, 52 Ill., 260.

6. **INSURANCE POLICY. Remedial statutes become incorporated therein, and are not thwarted by forms of agreement.**

The manifest purpose of a remedial statute to redress the wrong and advance the remedy shall not be destroyed by any technical criticism; nor shall it be thwarted by the insurer in converting, by however carefully chosen, but formal terms, an immaterial statement of fact, made innocently and in good faith by the applicant for insurance, into a covenant of warranty, whose breach would avoid the policy. Whatever the form of the agreement in the application may be, the statute incorporates itself into every policy issued after it becomes operative and serves as an effectual bar to the destruction of the right of the beneficiary, where innocent mistakes of fact which are not material to the risk have been made. (*Post, pp.* 6-7.)

Act cited and construed: Acts of 1895, ch. 160, sec. 22.

Code cited and construed: Section 3306 (S.)

Cases cited and approved: Dugger v. Ins. Co., 95 Tenn., 245; Light v. Ins. Co., 105 Tenn., 480; Hermany v. Life Association, 151 Pa., 17; Life Assurance Society v. Clements, 140 U. S., 226; Schuermann v. Ins. Co., 165 Mo., 641; Life Association v. Ficklin, 72 Md., 172.

FROM MAURY.

Appeal in error from the Circuit Court of Maury County.—SAM HOLDING, Judge.

H. P. FIGUERS, for Insurance Company.

E. H. HATCHER and J. H. DINNING, for Stallings.

———

MR. CHIEF JUSTICE BEARD delivered the opinion of the Court.

This is a suit upon a policy of insurance for $5000 issued on the ——day of December, 1899, by plaintiff in error, upon the life of J. C. Stallings, and payable on his death to his children, the defendants in error. The declaration made all proper averments as to the payment of the premium, the death of the assured during the life of the policy, the submission of proof of loss to the company, and its refusal to pay.

A number of pleas were filed, some of which were purely formal. Those which were most earnestly relied upon to defeat a recovery averred that the assured, in his application for the policy, made false answers as to his habits, physical condition, and with regard to the attendance of physicians upon him within three years prior thereto, which answers, however, he "warranted to be full, complete, and literally true," with an agreement on his part that "the exact literal truth of each" should be a "condition precedent to any binding contract of insurance," and, further, that the policy was issued in consideration of this agreement and upon the faith

that these answers were true.

There being material evidence to support the verdict in favor of the plaintiffs below, the only questions open for our consideration are those of law raised on the action of the trial judge.

While a number of errors are assigned, the one most earnestly pressed is that he gave in charge to the jury, as pertinent to the determination of the case, section 22, c. 160, p. 332, of the Acts of 1895, the same being section 3306 of Shannon's Code, which is as follows:

"No written or oral misrepresentation or warranty therein, made in the negotiations of a contract or policy of insurance, or in the application therefor, by the assured or in his behalf, shall be deemed material, or defeat or void the policy, or prevent its attaching, unless such misrepresentation is made with actual intent to deceive, or unless the matter represented increase the risk of loss."

This statute is in phraseology very similar to legislation enacted within the last few years in many of the States which was intended "to relieve against the hardships arising from the enforcement of the common law as to warranties in insurance policies, which was often invoked by companies which had issued them to defeat recoveries, when the matters covered by these warranties had no real or proximate relation to the risk assured. By the aid of such warranties and the innocent mistakes of the insured, it often happened that the insurer was able to escape liability on a ground having

no legal merit and of the purest technicality." *Penn Mut. Life Ins. Co. v. Mechanics' Savings Bank & Trust Co.,* 19 C. C. A., 316, 73 Fed., 653, 38 L. R. A., 33.

This is a remedial statute, and the unshaken rule in the construction of such a statute is that its manifest intention will prevail over the literal sense of the terms, and therefore, "when the expression is special or particular, but the sense is general, the expression shall be deemed general." *Brown v. Prendergast,* 7 Allen, 427. In other words, "the rule in construing such a statute, though it may be in derogation of the common law, is that everything is to be done in advancement of the remedy that can be done consistently with any fair interpretation of it." *Chicago, B. & Q. R. R. v. Dunn,* 52 Ill., 260, 4 Am. Rep., 606. Being remedial, its manifest purpose to redress the wrong and advance the remedy should not be frittered away by any technical criticism; nor will the courts permit it to be thwarted by the insurer in converting, by however carefully chosen, but formal, terms, an immaterial statement of fact, made innocently and in good faith by the applicant for insurance into a covenant of warranty, whose breach would avoid the policy. Whatever the form of the agreement in the application may be, yet this statute incorporates itself in every policy issued (*Hermany v. Fidelity Mut. Life Ass'n,* 151 Pa. St., 17, 24 Atl., 1064; *Equitable Life Assur. Soc. v. Clements,* 140 U. S., 226, 11 Sup. Ct., 822, 35 L. Ed., 497; *Dugger v. Ins. Co.,* 95 Tenn., 245, 32 S. W., 5, 28 L. R. A., 796), after it becomes

operative, and serves as an effectual bar to the destruction of the rights of the beneficiaries, where innocent mistakes of fact which are not material to the risk have been made. In every case the questions reserved by this statute in the interest of the policy holder will be, when made, determined upon judicial investigation, the result of which will be conclusive on the parties.

But it is insisted by plaintiff in error that the construction adopted by the circuit judge, and now approved by this court, is not sound, because of the omission of the word "warranty" from the last clause of the section in question.

Confessedly the intention of the legislature, as shown in the introductory clause, was to put "representations" and "warranties" upon the same footing, and make them harmless in the destruction of the policy, when as affirmances of facts they were made in good faith and were immaterial.

To hold, from the failure to repeat the word "warranty" in the concluding clause of the section, that it was not covered by the provision, would be to reverse the rule of liberal construction already announced, and narrow this legislation, so that it would not accomplish any practical good to the policy holder. For, if it be true, as here argued, that the section keeps up the common-law distinction between "warranties" and "representations," and serves only the purpose of bringing within its saving effect the latter, then its passage was an idle legislative ceremony. For the law was, without

the aid of the statute, that, only when a representation was made of and concerning a fact material to the risk, could its falsity be asserted to defeat recovery in a matured policy. *Southern Life Ins. Co.* v. *Booker,* 9 Heisk., 624, 24 Am. Rep., 344; Kerr on Insurance, pp. 319, 320; Bliss on Insurance, sec. 36. The statute can not be so curtailed in its effect. It was directed to every misrepresentation, whether in the form of a "representation" or "warranty," and as against every such "misrepresentation," when innocently made and immaterial in character, the right of the policy holder will prevail.

Such has been the construction of similar statutes by other courts. In *Hermany* v. *Fidelity Life Association,* supra, the court said:

"This act effected a change in life insurance contracts, a much-needed change so far as some companies are concerned. The questions of materiality and good faith are ordinarily questions of fact, and therefore for the jury. They were certainly so in this case. The evident purpose of this legislation was to strike down, in this class of cases, literal warranties so far as they may be resorted to for the disreputable purpose of enforcing actually immaterial matters. It provides a rule of construction for the purpose of preventing injustice, and it is as much the duty of courts to enforce such rules as it is to administer the statutes of fraud and perjuries."

To like effect are *Schuermann* v. *Ins. Co.,* 165 Mo.,

641, 65 S. W., 723; *Fidelity Life Association* v. *Ficklin,* 74 Md., 172, 21 Atl., 680, 23 Atl., 197.    This was also the view of this court in *Light.* v. *Insurance Co.,* 105 Tenn., 480, 58 S. W., 851.

Other errors are assigned, which are disposed of orally.    Upon the whole we see no reason why the judgment of the court below should be reversed.    It is therefore affirmed.