RICHARD P. COUGHLIN, administrator, vs. METROPOLITAN LIFE INSURANCE COMPANY.

Bristol.    October 25, 1905. — November 29, 1905.

Present: KNOWLTON, C. J., LATHROP, LORING, BRALEY, & SHELDON, JJ.

*Insurance, Life.*

In an action on a life insurance policy payable to the insured if he lives for twenty years and if he dies within that time to his legal representatives, a statement in the application that the insured was at that time twenty-two years of age when in fact he was thirty years of age is not a misrepresentation which under R. L. c. 118, § 21, increased the risk of loss as matter of law, and the question whether the misrepresentation increased the risk of loss, as well as the question whether it was made with actual intent to deceive, is for the jury.

LATHROP, J.    This is an action upon a policy of insurance in the sum of $500, issued by the defendant upon the life of Lewis M. C. Lynch. The policy is dated June 21, 1902, and is made payable at the expiration of twenty years, and if the insured should die within that time the amount insured is payable to the legal representatives of the insured.

At the trial in the Superior Court two questions were raised, the first as to an alleged misrepresentation as to the health of

the insured at the time of the application, and the second as to an alleged misrepresentation as to the age of the insured at the time of the application.   The judge, at the close of all the evidence, directed a verdict for the defendant; and the case is before us upon the plaintiff's exceptions.

The defendant does not seek to justify the verdict upon the first ground mentioned, and we need not consider it.   The remaining ground is however insisted upon.   The insured in his application stated his " age, nearest birthday," to be " 22 years." At the trial it was shown by undisputed evidence that his age at the time of the application was thirty years.   The defendant contends that the misrepresentation was a material one, and, as matter of law, increased the risk of loss, and avoided the policy. In support of this proposition the defendant relies upon the case of *Dolan* v. *Mutual Reserve Fund Association*, 173 Mass. 197, where it was held that the jury should have been instructed, as requested by the defendant, that "an understatement of age increases the risk of loss in a life insurance contract as matter of law."   The opinion in this case was by Mr. Justice Knowlton. It is said in the opinion : " It seems clear that death is likely to come more quickly to a person of a given age in sound health than if he were considerably younger, all other conditions being the same.   It may be that in an insurance for a short term, or upon an endowment policy, the rule is not applicable to persons of every age and in all conceivable conditions."

The policy before us is an endowment policy ; and we are of opinion that it cannot be said, as matter of law, that a man is more likely to die between the ages of thirty and fifty than between the ages of twenty-two and forty-two, and therefore it cannot be said as matter of law that the misrepresentation was made with actual intent to deceive, or that it increased the risk of loss.   These were questions for the jury.

Under the R. L. c. 118, § 21, the questions whether a misrepresentation or warranty "is made with actual intent to deceive," or " the matter misrepresented or made a warranty increased the risk of loss," are, as a general rule, for the jury. *Levie* v. *Metropolitan Ins. Co.* 163 Mass. 117.   *Hogan* v. *Metropolitan Ins. Co.* 164 Mass. 448.   To this rule certain exceptions have been established by our decisions.   Thus, where the

insured was in the habit of using intoxicating liquor to excess, it was held that a verdict for the defendant was properly ordered. *Rainger* v. *Boston Mutual Life Association*, 167 Mass. 109. So, in regard to consumption. *Brown* v. *Greenfield Life Association*, 172 Mass. 498, 503. See also *Dolan* v. *Mutual Reserve Fund Association, supra.* The case at bar falls within the rule, and not within the exception.

*Exceptions sustained.*

*W. H. Fox*, for the plaintiff.

*J. M. Morton, Jr.*, (*R. A. Dean* with him,) for the defendant.