## MARY JOHNSON v. NATIONAL LIFE INSURANCE COMPANY.[1]

November 28, 1913.

Nos. 18,157—(256).[2]

**Life insurance — misrepresentations of insured.**

1. In an action on a life insurance policy, it is *held*, construing section 5, c. 220, Laws 1907, subd. 4, (R. L. Supp. 1909, § 1695-6, subd. 4):

(a) That a material misrepresentation made with intent to deceive and defraud avoids the policy.

(b) That a material misrepresentation, not made with intent to deceive

[1] Reported in 144 N. W. 218.   [2] April, 1913, term calendar.

Note.—Upon the question of innocent misrepresentation as to health by insured who has undiscovered disease, see note in 53 L.R.A. 193. And as to effect of honest mistake in answer as to health of insured, warranted by him to be true, see note in 15 L.R.A.(N.S.) 1277.

and defraud, does not avoid the policy, unless the matter misrepresented increases the risk of loss; and if it does increase the risk of loss the policy is avoided regardless of the intent with which it was made.

(c) That an immaterial misrepresentation, though made with intent to deceive and defraud, does not avoid the policy.

**Material misrepresentation.**

2. Whether a misrepresentation is material, and whether it increases the risk of loss, and whether it was made with intent to deceive and defraud, are usually questions of fact for the jury with the burden of proof upon the insurer; but they may be for the court.

**Not a question for jury.**

3. The record concedes that the insured made an untrue statement in his application which might have been found fraudulently made and material. The court left the question whether he did to the jury. This was error.

Action in the district court for Swift county to recover $1,000 upon defendant's policy on the life of her son. The answer alleged that the insured falsely and fraudulently answered certain specified questions in the application attached to and make a part of the policy, and that defendant, relying upon the representations, entered into a contract of insurance to its prejudice; that the insured had been affected with pulmonary tuberculosis for six years prior to his decease; that in 1905 he was advised by his physician that he was tubercular, and acting upon his physician's instructions he went to Montana, for the purpose of improving his health; that upon his return to Minnesota he suffered one or two relapses of said disease prior to the issue of the policy. The reply alleged that the insured made true and complete answers to all questions put to him by defendant's agent, and disclosed to the agent all facts known to him in relation to his physical health, former ailments, or former medical advice or treatment, and that, if any of the answers to the questions in the application relied upon by defendant were answered incorrectly by the insured, defendant then knew the true answers to the questions, and the

As to what constitutes a consultation with, or attendance by, a physician, within the meaning of an application for life insurance, see note in 18 L.R.A. (N.S.) 362. And upon the time covered by question or representation as to consultation with physician, see note in 45 L.R.A.(N.S.) 162.

answers were made without any intent to defraud defendant or induce it to issue its policy; that at the time of the application the insured was examined by a certain physician appointed by defendant as its medical examiner who, after such examination, made a full report of the results thereof to defendant and that the report truly set forth the actual physical condition of the insured and that the same was used as a basis for the issue of the policy. The case was tried before Qvale, J., who denied defendant's motion for a directed verdict and a jury which returned a verdict in favor of plaintiff. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed and new trial granted.

*Belden & Safford* and *Irving M. Hudson,* for appellant.
*John I. Davis* and *Davis & Michel,* for respondent.

DIBELL, C.

This action is brought to recover upon a policy of life insurance issued to the plaintiff's son. The plaintiff is the beneficiary and the verdict was in her favor. The defendant appeals from an order denying its alternative motion for judgment or for a new trial.

The defendant claims that the policy was avoided, as a matter of law, by a misrepresentation to the effect that the deceased had never consulted a physician; that the court erred in leaving to the jury the question whether certain misrepresentations were material and whether they increased the risk of loss and whether they were made with intent to deceive and defraud; and that it erred in leaving to the jury the question whether the deceased made a certain misrepresentation.

1. Subdivision 4, § 5, c. 220, p. 290, Laws 1907, found in R. L. Supp. 1909, § 1695-6, subd. 4, requires the standard life policy to contain, among other provisions, the following:

"A provision that all statements made by the insured shall, in the absence of fraud, be deemed representations and not warranties, and that no such statement shall avoid the policy unless it is contained in a written application and a copy of such application shall be indorsed upon or attached to the policy when issued."

Section 20, c. 175, p. 400, Laws 1895, now section 1623, R. L. 1905, is as follows:

"No oral or written misrepresentation made by the assured, or in his behalf, in the negotiation of insurance, shall be deemed material, or defeat or avoid the policy, or prevent its attaching, unless made with intent to deceive and defraud, or unless the matter misrepresented increases the risk of loss."

Before the revision section 1623 read "with actual intent to deceive and defraud."

The policy in suit is a standard life policy, of the statutory form, contains the provision required by the Laws of 1907, and a copy of the application is attached to the policy.

The effect of the statutes cited is for determination.

A representation is a statement proffered as a basis for an insurance contract. A warranty is a statement or covenant of the contract. Representations must be substantially true. Warranties must be strictly or literally fulfilled.

Our statutes, and statutes like them, were intended to put warranties upon substantially the basis of representations and to do away with defenses made by incorporating conditions and terms in policies, making them by agreement material representations or warranties, and controlling on the right of recovery. As we construe the statute a material misrepresentation, made with intent to deceive and defraud, avoids the policy. A material misrepresentation, not made with intent to deceive or defraud, does not avoid the policy, unless by the misrepresentation the risk of loss is increased. If a material misrepresentation increases the risk of loss the policy is avoided, regardless of the intent with which it was made. An immaterial representation, though made with intent to deceive and defraud, does not avoid the policy.

Several of the states have statutes of like purpose and some are couched in language substantially identical. The cases construing such statutes uniformly hold that the last "or" in section 1623 is used in the alternative. We bow to the authority of the cases and adopt their construction. The following cases indicate the general purpose of such statutes and they are in general harmony with the

construction which we adopt: Levie v. Metropolitan Life Ins. Co.
163 Mass. 117, 39 N. E. 792; White v. Provident S. L. A. Soc.
163 Mass. 108, 39 N. E. 771, 27 L.R.A. 398; Rainger v. Boston
Mut. Life Assn. 167 Mass. 109, 44 N. E. 1088; Dolan v. Mutual
Reserve F. L. Assn. 173 Mass. 197, 53 N. E. 398; Empire Life
Ins. Co. v. Gee, 171 Ala. 435, 55 South. 166, 60 South. 90; Mutual
Life Ins. Co. v. Allen, 174 Ala. 511, 56 South. 568; Insurance Co.
v. Stallings, 110 Tenn. 1, 72 S. W. 960; Light v. Ins. Co. 105
Tenn. 480, 58 S. W. 851; Hermany v. Fidelity Mut. Life Assn. 151
Pa. St. 17, 24 Atl. 1064; Lutz v. Metropolitan Life Ins. Co. 186
Pa. St. 527, 40 Atl. 1104; Penn Mut. Life Ins. Co. v. Mechanics
Sav. Bank, 72 Fed. 413, 19 C. C. A. 286, 38 L.R.A. 33, 70; Id.
73 Fed. 653, 19 C. C. A. 316, 38 L.R.A. 33, 70; Warren Deposit
Bank v. Fidelity & Deposit Co. 116 Ky. 38, 25 Ky. L. Rep. 289, 74
S. W. 1111; Provident Sav. Soc. v. Whayne's Admr. 131 Ky. 84,
23 Ky. L. Rep. 160, 93 S. W. 1049; March v. Metropolitan Life
Ins. Co. 186 Pa. St. 629, 40 Atl. 1100, 65 Am. St. 887; Fidelity
Mut. Life Assn. v. Miller, 34 C. C. A. 211, 92 Fed. 63; Mutual
Life Ins. Co. v. Robinson, 115 Md. 408, 80 Atl. 1085. The case of
Price v. Standard Life & Accident Co. 90 Minn. 264, 95 N. W.
1118, seems to be in accord.

Some of the cases cited seem to hold that a misrepresentation made
with intent to deceive and defraud, though the matter misrepresented
is immaterial in character, avoids the policy. We do not stop to
inquire how many, if any, directly and necessarily so hold. We can-
not adopt such a doctrine. Long prior to the statute this court held
that a fraudulent misrepresentation of an immaterial matter did not
avoid the policy; and the 1895 law was not intended to make the
insurer's liability less.

2. Whether a misrepresentation is material, and whether the mis-
representation increases the risk of loss, and whether a misrepresen-
tation is made with intent to deceive and defraud, are questions usu-
ally for the jury, with the burden of proof upon the insurer. They
may, be for the court. Levie v. Metropolitan Life Ins. Co. 163
Mass. 117, 39 N. E. 792; Rainger v. Boston Mut. Life Ins. Co. 167
Mass. 109, 44 N. E. 1088; Mattson v. Modern Samaritans, 91 Minn.

434, 98 N. W. 330; Hermany v. Fidelity Mut. Life Assn. 151 Pa. St. 17, 24 Atl. 1064; Provident Sav. Assn. v. Whayne's Admr. 131 Ky. 84, 29 Ky. L. Rep. 160, 93 S. W. 1049; Taylor v. Grand Lodge A. O. U. W. 96 Minn. 441, 105 N. W. 408, 3 L.R.A.(N.S.) 114; O'Connor v. Modern Woodmen of America, 110 Minn. 18, 124 N. W. 454, 25 L.R.A.(N.S.) 1244.

The defendant claims that it appears from the evidence, so that it should be declared as a matter of law, that the insured, with intent to deceive and defraud, made material misrepresentations to the effect that he had never consulted a physician, that a change of climate had never been advised nor sought for his health, and that he was at the time in good health; and that as a matter of law these misrepresentations were material and increased the risk of loss.

It appears that four years before the application for insurance the insured consulted a physician. There was testimony, over the objection of the plaintiff, that the physician diagnosed the case as one of incipient tuberculosis and advised the deceased that to effect a cure he must live in the open air and change his habits of living. He went to Montana and worked for a year in railway yards. He came back to his home and worked on the farm. He again went to Montana for awhile, finally returning to the farm for a permanent stay. The testimony was ample that he appeared to be in good health and was doing the work of an ordinary man. The examining physician found nothing the matter with him when he made his examination. Some weeks before his death he caught cold through exposure at a farm party. There was testimony of his attending physician, received over objection, that he died of tuberculosis. There was testimony negativing the claim that he died of tuberculosis at all. The insured was a farm boy and was sought out by the agent of the company and solicited to purchase insurance.

The evidence just recited bears upon the materiality of the representations, the increase of risk, and the intent to deceive and defraud. There was error in receiving evidence of the physician as to the condition of the insured at the time he treated him some four years prior to his application. It is doubtful whether a foundation was laid for an objection to it. The effect and admissibility of the

physician's statements in the proofs of loss should be considered from the standpoint of an admission of the beneficiary. Upon another trial these questions, as well as the questions arising upon the physician's direct testimony as to the cause of the death of the deceased, will doubtless be properly determined. Upon the record before us we need express no opinion as to the merits of the case, though it may be said that with all things conceded to the defendant there is little evidence of an intent on the part of the insured to deceive or defraud.

3. The following question and answer appear in the application: "Q. When did you last consult a physician and for what? A. Never."

It is conceded that four years prior the insured had consulted a physician for some ailment. The court left it to the jury to find whether this answer was made. In doing so it erred. Upon another trial there may be an issue for a jury upon this question. There was none upon the trial had. There must be a new trial.

Order reversed.