## ESTELLA I. IBLINGS v. PHOENIX MUTUAL LIFE INSURANCE COMPANY OF HARTFORD.[1]

September 30, 1927.

No. 26,011.

**Finding not required that insured made untrue representations to insurer.**
The evidence did not require a finding that the insured, of whom the plaintiff was the beneficiary, made untrue representations to the defendant insurance company with intent to deceive or defraud, or that matters which increased the risk of loss were misrepresented.

Life Insurance, 37 C. J. p. 636 n. 27, 28; p. 637 n. 33.

Defendant appealed from an order of the district court for Stearns county, Roeser, J., denying its alternative motion for judgment or a new trial in each of two cases. Affirmed.

*Gunderson, Leach & Swore,* for appellant.
*Donohue & Quigley,* for respondent.

PER CURIAM.

Two actions tried together to recover on two policies of life insurance. There were verdicts for the plaintiff. The defendant appeals from an order denying its alternative motion for judgment or a new trial.

[1]Reported in 215 N. W. 429.

The policies, one for $3,000 and the other for $2,000, were on the life of Henry W. Iblings, the husband of the plaintiff and the bene-ficiary in the policies. The application for the first was made on December 2, 1924, and was issued on January 7, 1925. On January 29, 1925, the application for the second policy was made, and it was delivered on February 8, 1925. Iblings died on May 30, 1925, from shock resulting from an exploratory operation of the abdominal region which disclosed the presence of cancer in the stomach.

On his first application Iblings answered questions as follows:

"10. Has a change of climate ever been sought or advised for the benefit of your health? No."

"13. A. When did you last consult a physician or surgeon? 1923.

"B. What was the nature of the illness, if any, and duration? Acute gastritis. Sick about a week.

"C. Were there any complications? No, full recovery."

"17. Have you now any disease or disorder? No."

"20. Have you within the past seven years had any disease or disorder not mentioned above? No."

"22. Name of disease, acute gastritis; number of attacks, one; date, 1923; duration, week; severity, moderate.

"Name of disease, sub-acute gastritis; number of attacks, one; date, 1917; duration, three weeks; severity, moderate."

Below was a memorandum to the effect that Iblings had made full recovery from both attacks of gastritis and was feeling fine at the time.

No examination was had on the second policy. The application referred to the application which was the basis of the first policy, made it the basis of the second, and stated that the applicant was in good health so far as he knew and believed.

The statute provides:

"No oral or written misrepresentation made by the assured, or in his behalf, in the negotiation of insurance, shall be deemed ma-terial, or defeat or avoid the policy, or prevent its attaching, un-

less made with intent to deceive and defraud, or unless the matter misrepresented increases the risk of loss." G. S. 1923, § 3370.

The statute does not require the disclosure of a passing and trivial indisposition; but if the insured with intent to deceive or defraud makes misrepresentations, the policy is defeated, as also it is if the matter misrepresented increases the risk though the misrepresentation is not made with intent to deceive and defraud. Shaughnessy v. N. Y. Life Ins. Co. 163 Minn. 134, 203 N. W. 600; Flikeid v. N. Y. Life Ins. Co. 163 Minn. 127, 203 N. W. 598; Ames v. N. Y. Life Ins. Co. 154 Minn. 111, 191 N. W. 274; Olsson v. Midland Ins. Co. 138 Minn. 424, 165 N. W. 474; Johnson v. National Life Ins. Co. 123 Minn. 453, 144 N. W. 218, Ann. Cas. 1915A, 458.

It is the contention of the defendant that the answers of Iblings to the questions quoted above were untrue, that they were made with intent to deceive and defraud, and that some of the representations as a matter of law increased the risk of loss so that the policy was avoided regardless of the intent accompanying them, and that it was entitled to a directed verdict.

The case was tried thoroughly. The evidence is voluminous. We reach the conclusion that only questions of fact are involved, and we do not find it necessary to review the evidence at length.

The jury might have found that Iblings thought himself in serious ill health and apprehended that he might not live long; and that desiring to protect his family by insurance he made false answers with intent to deceive and defraud the defendant. The evidence did not require a finding of such intent, and the jury did not make it.

The evidence did not require a finding that at the time of the application for the first policy, or the second one, Iblings had a cancer. It seems probable that he did, but the evidence was not conclusive. A jury might find that he had none with legally sufficient evidence to sustain its finding.

The insured consulted a physician in 1924. In his answer to question 13A the date is written 1923. The particular time of the year was not asked by the question or given in the answer. The consultation was in May, 1924. The insurer was satisfied with a

general answer that left the time indefinite within the limits of a year. Besides it is not certain that the insured gave the answer 1923. The defendant's physician is not positive. His examination was in December. The insured may have said that the date was "last spring"—there is a suggestion to that effect—and the physician, taking down the statement in December, 1924, may have inserted 1923. And it is clear that the company was not at all concerned with the precise date.

It is unnecessary to review the evidence further. The case made on all the charges of misrepresentation was for the jury.

Order affirmed.