The Continental Life Insurance Company *v.* Yung.

| 113 | 159 |
|-----|-----|
| 117 | 458 |
| 113 | 159 |
| 139 | 36 |
| 113 | 159 |
| 134 | 684 |

No. 13,654.

THE CONTINENTAL LIFE INSURANCE COMPANY *v.* YUNG.

SUPREME COURT.—*Proof of Essential Fact . Contrary to Verdict.—Reversal of Judgment.*—When there is clear and convincing proof of an essential fact contrary to the finding of the jury, and no evidence fairly tending to sustain the verdict, it will be set aside.

SAME.—*Contradicted Evidence.*—Where competent and reasonable evidence appears in the record, which, if believed, necessarily tends to support the finding, the Supreme Court can not say, however much such evidence may be opposed by other testimony, that it is conclusively contradicted.

LIFE INSURANCE.—*Cause of Death.— Physician's' Certificate.—Instruction to Jury.—Bright's Disease.*—In an action upon a life insurance policy, it is not error to refuse to instruct the jury that if the certificate of the attending physician contained a statement that the assured died of Bright's disease, the jury might consider such statement as tending to show that he was afflicted with that malady when he signed the application for insurance.

SAME.—*Inference from Physician's Statement.*—The inference to be drawn from the statement in the certificate as to the immediate cause of the death of the assured, was a proper subject for argument, but was not a question for instruction to the jury as to what it tended to prove, outside of the facts recited on its face.

SAME.—*Breach of Warranty.—Ailment Unknown to Assured.—Bright's Disease.*—An instruction that if the assured had, at the time of making his application, some affection or ailment of any organ inquired about, of a character so well defined as to materially derange for a time its functions, such ailment, whether known to the assured or not, would avoid the policy, and that this would be so with reference to Bright's disease of the kidneys, if such a disease as that mentioned, is correct.

SAME.—*Interrogatory to Jury.—Scientific Knowledge.— Withdrawal of Question by Court.*—The trial court may withdraw from the jury a hypothetical question which, on account of the scientific knowledge required, the jury report their inability to answer.

From the Marion Superior Court.

*F. M. Finch* and *J. A. Finch,* for appellant.

*G. Carter* and *J. N. Binford,* for appellee.

MITCHELL, C. J.—Nettie Yung sued the Continental Life Insurance Company to recover the amount alleged to be due

her on a policy of life insurance, issued on the 30th day of June, 1883, on the life of Christian Yung, the plaintiff's husband.

The complaint alleges that the death of Christian Yung occurred on the 4th day of August, 1883, and that all of the conditions of the policy had been duly kept and performed on the part of the plaintiff and the assured.

The company defended upon the ground that there had been a breach of the warranties contained in the application and policy, in that, by his answers to certain questions propounded in the application, the assured had represented, among other things, that he then had no disease of the kidneys, or of the urinary or generative organs, when the truth was, that, before and at the time of making the application, he was afflicted with a disease known as " Bright's disease," which rendered insurance on his life more than ordinarily hazardous.    There was a trial and verdict for the plaintiff.

The only controverted question was whether or not the insured was afflicted with Bright's disease at the time he made and signed his application for insurance.    Upon this point the evidence was conflicting.    The plaintiff below introduced evidence tending to show that the assured was at that time in robust health and free from disease or ailment, while the insurance company produced a medical witness who testified that a short time prior to the making of the application he had subjected the urine of the assured to a chemical and microscopical examination, and in that manner had found out that he was afflicted with Bright's disease in a stage so far advanced as to be incurable.    There was other evidence supporting the theory of the defence.    The plaintiff, on the other hand, produced medical witnesses in rebuttal, who testified that all the symptoms relied on to indicate the presence of Bright's disease, as testified to by the doctor who made the examination, might be produced by, and result from, other and merely temporary causes, such as a cold, affecting the organs involved, and the like.    Apparently re-

The Continental Life Insurance Company *v.* Yung.

liable testimony was also given to the effect that it was practically impossible to determine satisfactorily from one examination whether a patient had Bright's disease, or some other less aggravated malady of a similar but temporary character.   Taking all the evidence together, it fairly became a question for the determination of the jury whether or not the defence was sustained.   We agree, that whenever it can be said that there is clear and convincing proof of an essential fact, contrary to the finding of the jury, and that the verdict is without any evidence fairly tending to sustain it, the verdict ought not to stand.   *Stringer* v. *Northwestern M. L. Ins. Co.*, 82 Ind. 100; *Norwood* v. *Harness,* 98 Ind. 134 (49 Am. R. 739), and cases cited. This can not be said of the present case.

It is contended, however, that the evidence, if there is any, in support of the finding, is clearly and conclusively contradicted, and that hence a new trial must be ordered.

That the evidence which tends to support the finding may be contradicted, does not justify this court in ordering a new trial.   Where competent evidence appears in the record, which, if believed, necessarily tends to support the finding, unless the evidence relied on is of such a character as that, to believe it, would necessarily involve an absurdity in reason, or an impossibility according to the very nature of things, this court can not say, however much such evidence may be opposed by other testimony, that it is conclusively contradicted.

The impracticability of applying a rule such as that contended for was very clearly demonstrated in *Fort Wayne, etc., R. R. Co.* v. *Husselman,* 65 Ind. 73.

In its sixth instruction, the defendant asked the court to charge the jury, in substance, that if the certificate of the death of the assured, made by the attending physician and furnished to the company by the plaintiff or her son, contained a statement to the effect that the assured died of

Bright's disease, then such statement might be considered by the jury as tending to support the theory that the assured was afflicted with that ailment at the time he signed the application for insurance. The court declined so to charge, but, as pertinent to that subject, instructed the jury that if the certificate mentioned contained a statement of the disease of which the assured died, the jury might regard such statement as true. In our opinion the company had no reason to complain of the refusal to give the charge requested. The inference to be drawn from the statement in the certificate of the attending physician, concerning the immediate cause of the death of the assured, was a proper subject for argument to the jury, but it was manifestly not a question of law for the court to instruct the jury upon and direct them as to what the certificate tended to prove, outside of the facts recited on its face. *Union Mutual L. Ins. Co.* v. *Buchanan*, 100 Ind. 63.

In its fifth instruction to the jury, the court charged to the effect that if the assured had, at the time of making his application, some affection or ailment of some one or more of the organs inquired about in the application, which ailment was of a character so well defined and marked as materially to derange for a time the functions of such organ, such ailment, whether known to the assured or not, would avoid the policy; to which was added " and this would be so with reference to Bright's disease of the kidneys, if it was such a disease as I have just mentioned."

So much of the charge as is quoted above is said to be fatally erroneous. In this we do not concur.

The instruction in its general scope is strictly in harmony with the law as announced in *Connecticut Mut. Life Ins. Co.* v. *Union Trust Co.*, 112 U. S. 250, and other well considered cases, and, in view of the evidence given, the concluding sentence was not objectionable. *Cushman* v. *United States Life Ins. Co.*, 70 N. Y. 72.

If, at the time the assured made his application for insur-

The Continental Life Insurance Company *v.* Yung.

ance, he had no functional disorder, involving the organs about which inquiry was made, it is difficult to perceive how he could have been affected with Bright's disease of the kidneys, if, as the testimony tends to show, the presence of that disease is manifested by functional disorder. An ailment which produces no disorder, and of the presence of which the person affected is unconscious, can hardly be said to be a disease within the meaning of an insurance contract.

We are of opinion that the company has no just ground of complaint growing out of the giving or refusing of charges.

The fourth interrogatory submitted by the defendant below required the jury to answer a purely hypothetical question, relating to chemical and microscopical tests of the urine, and the diseases indicated by such tests under certain supposed conditions. After the jury had retired they notified the court of their inability to answer the above interrogatory. Thereupon the court, of its own motion, withdrew it from the jury over the defendant's objection.

There was manifest impropriety in submitting the interrogatory in question to the jury in the first place. It could only have been answered by men skilled in the sciences to which it pertained, and the application of those sciences to the discovery of disease, and when answered the answer would have been merely evidentiary. It was within the discretion of the court to withdraw it from the jury upon being apprised of its nature, and that the jury were unable to answer it.

Concerning certain questions made upon rulings of the court in respect to the admission of evidence, it is only necessary to say we have considered the questions and find no error.

The judgment is affirmed, with costs.

Filed Jan. 25, 1888.