# Empire Life Insurance Co *v.* Gee.

*Assumpsit.*

(Decided April 21, 1911.   55 South.   166.)

1. *Insurance; Contracts; Fraud.*—Under section 4579, Code 1907, a policy and documents adopted by reference and attached thereto, constitute the contract, and the insurer may not rely on a breach of warranty in the application where the application is not incorporated in the body of the policy, or attached thereto; an insurer, may, however, plead fraudulent representation made in such application since fraud is not within the statute.

2. *Same; Fraudulent Representation; Availability as Defense.*— Sections 4572 and 4570 do not change the rule that where fraudulent representations are pleaded in defense of an action on a life policy, it must be shown that the false statements were made with intent to deceive, that they related to the matters intrinsically material to the risk, and that the insurer relied thereon.

3. *Same.*—Section 4572, Code 1907, has the effect of putting warranties and representations in a class together and declares that no misrepresentation or warranty shall defeat a policy, unless made with actual intent to deceive or the matter misrepresented increases the risk.

[Empire Life Insurance Co. v. Gee.]

4. *Same; Defenses.*—A plea as an answer to an action on a life policy which averred a fraudulent representation made in the negotiation for the policy in that insured was in perfect health and safely insurable while in fact, insured was not in perfect health and safely insurable, was not sufficient because it failed to state in what particular the representation was faulty; an allegation however, that the insured was then suffering from a disease of the aorta, and that the disease increased the risk of loss, was sufficient.

5. *Same.*—A plea averring that the insured was at the time of his application for a life policy suffering from a disease of the aorta, but which does not allege that the disease increased the risk of loss is not sufficient as the court cannot judicially know that every disease of the aorta increases the risk of loss, the materialty of the statement as affecting the risk being for the jury.

6. *Appeal and Error; Harmless Error; Pleading.*—Where the defense sought to be set up is repeated in another plea which goes to the jury, any error in overruling demurrer to other pleas is harmless.

7. *Same.*—Where the issue which a party attempted to get before the jury by his plea was not considered by the jury, the error in striking out the plea was not harmless.

8. *Same.*—Where the court makes erroneous rulings on the pleadings it is not cured by instructions touching the matter pleaded.

9. *Same; Presumptions.*—The record must clearly rebut injury arising from erroneous rulings, or the presumption will be indulged that injury resulted, and a reversal will follow.

10. *Charge of Court; Construction.*—Instructions must be construed not only in connection with the evidence, but as applicable to the issues as defined between the parties under the rulings of the court.

APPEAL from Dallas Circuit Court.

Heard before Hon. B. M. MILLER.

Action by Susan B. Gee against the Empire Life Insurance Company on a policy. Judgment for plaintiff and the defendant appeals. Reversed and remanded.

MALLORY & MALLORY, for appellant. The circuit court erred in sustaining demurrer to pleas 1 and 2.—Sec. 4572, Code 1907; *Mut. L. I. Co. v. Allen* 51, South. 877. The court also erred in sustaining demurrer to pleas 6 and 7.—*Allen's case, supra; Vermuille's case,* 156 Ala. 592. On these authorities, it is insisted that the action of the court was injurious to the appellant in respect to the other pleadings, and in the admission of evidence.

PETTUS, JEFFRIES, PETTUS & FULLER, for appellee.
Pleas 12, 13, 14, 15, 16, 17, 18, 19, 20 and 21, attempt to
present the defense of the invalidity of the policy by rea-
son of false statements in the application made by Gee
to the appellant for insurance. The pleas were bad for
failing to show that it was made with an actual intent to
deceive.—Secs. 4572-4579, Code 1907; *M. L. I. Co. v. Al-
len,* 51 South. 879. The pleas were not good as pleas of
fraud, in that it was not shown that the matter was ma-
terial to the risk or that any fraud was committed on the
appellant, or that the misrepresentation amounted to a
warranty.—*Providence S. L. Assur. Soc. v. Pruitt,* 141
Ala. 686; *A. G. L. I. Co. v. Johnson,* 80 Ala. 468; *Mutual
B. L. I. Co. v. Lehman,* 132 Ala. 640, and authorities
there cited. The pleas were also bad as based upon an ap-
plication not made part of or incorporated in the policy.
—Sec. 4579, Code 1907; *Vernuille's case,* 47 South. 72;
*Allen's case, supra.* The pleas did not state how the said
Gee was not in good health and safely insurable.—78 S.
W. 119; 3 Cooley's Briefs, 2110, and authorities supra.
Pleas 1 to 10 inclusive attempt to present a defense
based upon false representation in a negotiation for such
insurance, and are defective in allegations there-
in.—1 Cooley's Briefs, 687; 105 Fed. 858; 40 N. W. 386;
119 Fed. 629; 53 N. E. 278. The defendant had the ben-
efit of all the defenses attempted to be set up by the pleas
to which demurrers were sustained, and hence, any in-
jury that intervened was harmless.—*K. C. M. & B. v.
Hinson,* 132 Ala. 528. They were also cured by the
charges given for the defendant.—*W. U. T. Co. v. Pauley,*
157 Ala. 651, and cases there cited.

SAYRE, J.—Parties are still disagreed as to the mean-
ing and effect of sections 4572 and 4579 of the Code, and
think some meaning they may have ought to control the

decision of this case. In *Mutual Life Ins. Co. v. Allen,*
166 Ala. 159, 51 South, 877, section 4579 was accepted as
meaning that all such agreements between the parties to
contracts of insurance as are not plainly expressed in
the policy do not bind the parties, though so much of the
contract as is so expressed remains unaffected by the
part not so expressed. In the more recent case of *Sat-
terfield v. Fidelity Mutual Life Ins. Co.,* Infra. 55 South.
200, it was held that the contents of papers, incorporated
by reference as a part of the policy and attached thereto,
were expressed in the policy, within the meaning of this
section.

These constructions—and we adhere to them—
make the policy, including documents adopted by
reference and attached, the sole expositor of the con-
tract between the parties. The principle seems to be the
same as that of the statute which requires contracts for
the sale of land to be in writing.—*New Era Life Ass'n v.
Musser,* 120 Pa. 384, 14 Atl. 155. The insurer may not
sustain a plea that the insured has breached the con-
tract by giving in evidence the warranties of an applica-
tion for the policy, not incorporated in the body of the
policy, or not so attached as to serve the purpose of the
statute. The effect of the statute is to help out inatten-
tions and misapprehension on the part of persons insured
by putting them in possession of the entire evidence of
their contracts. In some of the states the statutes forbid
the introduction in evidence of applications not attached
to policies; but in the statute of this state there is no in-
hibition against the proof of representations made in the
application to the extent that they may be relevant and
material to a plea of fraud in the procurement of the
policy, and, in the absence of language clearly mandatory
to that effect, we would not be inclined to adopt a con-
struction of the statute which in some, though rare, cases

would amount to a practical foreclosure against insur-ance companies of all remedy for fraud.—*Albro v. Man-hattan Life Ins. Co.* (C. C.) 119 Fed. 635. Fraud vitiates everything, and it is not ordinarily the policy of the law to put difficulties in the way of proving it.

Where fraudulent representations are pleaded in de-fense to an action on a policy of insurance, it must be shown that false statements have been made with intent to deceive, that they related to matters intrinsically ma-terial to the risk, and that the insurer relied on them. This rule has not been changed by statute or decision.

Where, on the other hand, a breach of warranty—that is, a breach of a stipulation of the completed contract—was pleaded under the law as it was prior to the enact-ment of section 4572 of the Code, that was material which was made so by agreement of the parties, whether intrinsically so or not. Whatever the assured warranted to be true he, by necessary implication, agreed to be ma-terial, and its falsity barred him of any recovery on the contract.—*Alabama Gold Life Ins. Co. v. Johnston,* 80 Ala. 467, 2 South. 125, 59 Am. Rep. 816.

The difference in doctrine between warranties and representations was founded upon the principle that war-ranties were always a part of the completed contract, while representations preceded, were collateral to, and not necessarily parts of, the contract.—2 Cooley's Briefs, 1128. Now section 4572 provides: "No written or oral representations or warranty therein made, in the negotia-tion of a contract or policy of life insurance, or in the application therefor or proof of loss thereunder, shall de-feat or avoid the policy, or prevent its attaching, unless such misrepresentation is made with actual intent to de-ceive, or unless the matter misrepresented increase the risk of loss." Except for the insertion of the words "or warranty made therein," this is substantially a copy of

statutes of earlier date in Massachusetts and Minnesota. The purpose of statutes of this kind is to prevent the unfair practice adopted by some companies of multiplying statements to be made by the insured, to which, by the wording of the policy, the technical character of warranties is given, and to relieve against the hardships arising from strict enforcement of the common law as to warranties.—*White v. Provident Savings Society,* 163 Mass. 108, 39 N. E. 771, 27 L. R. A. 398; 3 Cooley's Briefs, 1984.

Construing their own statute, the Supreme Judicial Court of Massachusetts, in the case just cited, held that it was the intention of the Legislature "to change this rule (in respect to the effect of warranties) to some extent, and to enact in place of it one which should hold the contract valid, unless the misstatement, if made in the negotiation of the contract, was made with an actual intent to deceive, or unless the misstatement was of a matter which actually increased the risk of loss; and this with reference to statements which may be said by the parties to be warranties, as well as those which were only representations. Such was already the law as to statements not technical warranties. As to mere representations, the statute may well be held to be only declaratory, but as to warranties it made a new rule. In the opinion of a majority of the court, it speaks in terms, neither of warranties nor of representations, technically so called, but deals with all misrepresentations made in negotiating the contract or policy. Misstatements of fact, whether the statement is said to be by the parties a warranty or representation, are equally misrepresentations, and are placed in each case upon the same footing by the statute which applies to them, if the statements are called warranties by the parties, no less than if they are mere representations." To a like effect are *Price v.*

*Standard Insurance Co.,* 90 Minn. 264, 95 N. W. 1118, and *Hermany v. Life Ass'n.* 151 Pa. 17, 24 Atl. 1064.

Perhaps our own statute does not say what it means as clearly as it might. But by its introduction of the word "warranties" it makes even clearer than do the statutes of those other states, to which we have referred, that it was intended to break down in a measure the technical distinction between warranties and representations, for it puts warranties and misrepresentations in a class together by providing that no misrepresentation or warranty shall defeat or avoid the policy, unless "such misrepresentation" is made with actual intent to deceive, or unless the matter misrepresented increase the risk of loss. The effort in all the various pleas filed by the defendant was to set up fraud on the part of the insured in the procurement of the policy. There is no plea of breach of warranty.

Pleas 1 and 2 aver a false and fraudulent representation, made in the negotiation for the policy, that the insured was in perfect health and safely insurable, and, as amended in pleas 6 and 7, that this representation was material to the risk. These pleas were faulty, in that they failed to state in what particular the representation was false. The mere averment that the insured was not in perfect health and safely insurable was too general, and did not fairly appraise the plaintiff of the contemplated defense.—2 Cooley's Briefs, 1178. Plea 5 met this objection by averring that the insured was not in perfect health and safely insurable, in that he was suffering from a disease of the aorta, but was still defective in failing to aver that the disease increased the risk of loss.

Possibly any disease of so vital an organ affects the prospect for life; but the materiality of a statement of fact as affecting the risk of loss is ordinarily a question for the jury, and we are scarcely able to affirm, as a mat-

ter of judicial knowledge, that every disease of the aorta increases the risk of loss. The same thing is true of pleas 3 and 4 which aver a representation that the insured had never had rheumatism or any disease of the urinary organs. But this defect in these pleas was remedied in pleas 8, 9, and 10.

It was error to sustain the demurrers to these last-named pleas, but the error as to pleas 8 and 9 was harmless; the defenses having been repeated in pleas 22 and 23, upon which, along with the general issue, the case went to the jury. In a series of other pleas the same defenses were presented, except that the allegation that the misrepresentation occurred in the negotiation for the policy is omitted, and instead it is alleged that the misrepresentation was made in a written application for the policy. This was the change of mere detail, which made no difference in the application of the principles which determine the sufficiency of the pleas. What has already been said will suffice to indicate our view as to these pleas.

The court, at defendant's request, charged the jury in general language that, if the insured represented that he had no reason to believe himself not to be in perfect health and safely insurable, and the jury should find that the insured knew he was not in perfect health and safely insurable, they must return a verdict for the defendant, provided they found that such misrepresentation was as to a matter that increased the risk of loss. It is contended that these charges (there were two of them, asserting much the same proposition) rendered harmless any error committed by the court in ruling that the pleas which set up the defense that the representation that the insured was in perfect health and safely insurable was false in that insured had a disease of the aorta. As we have seen, defendant had pleaded generally that this repre-

sentation was false, and plaintiff had invoked a ruling
that this defense was insufficient, taking the objection,
among others, that the defendant had failed to aver the
particular wherein and by reason of which the insured
was not safely insurable, etc., thus driving the defend-
ant to more specific averment.   Now these charges cor-
rectly stated the law of the case, but in general terms,
and appellant's proposition is that, because some evi-
dence bearing upon the excluded defense was allowed to
creep into the case, it must be presumed that the defend-
ant had none other, and that the jury applied the law of
the charges to a state of the case which defendant, in its
pleas, has offered to prove, but which the court had ruled
would avail it nothing.

It has been the rule of this court from the beginning
that when error is shown the presumption of injury
arises, and must be clearly refuted by the record, or the
judgment will be reversed.—2 Mayfield's Digest, p. 129, §
20.—*Western Union Tel. Co. v. Pauley,* 157 Ala. 615, 47
South. 654, relied on by appellant, holds nothing to the
contrary.   The ruling of that case is correctly headnoted
as follows:  "If there was error in overruling the demur-
rer to a complaint which sought to place upon the defend-
ant a duty greater than the law exacted, such error was
cured by a charge limiting defendant's liability and im-
posing no greater duty than the law exacts."  If the
charges here had instructed the jury that plaintiff could
not recover, if he falsely represented that he had not a
disease of the aorta, the record would present a case
analogous in principle to that of *Western Union Tel. Co.
v. Pauley.*  Clearly, however, to have given them in that
shape would have been error against the plaintiff, be-
cause the pleadings tendered no such issue to the plain-
tiff.

Charges given must be construed, not only in connection with the evidence, but as applicable to the issues as they have been defined between the parties under the rulings of the court. Framed as these charges were, they were misleading, and might well have been refused, as admitting a construction that plaintiff might be defeated on a defense which had not been pleaded.

But, since they were given, we cannot, in order to avoid the effect of error in rulings on the sufficiency of the pleas, assume that the jury gave them an interpretation which would involve the court in contradictory rulings, on an issue going to the merits of the cause, rather than a conflict in respect to a superfluous averment of the complaint, as was the case in *Western Union Tel. Co. v. Pauley.* From such a dilemma, it would by no means appear clearly that the error was rendered harmless by the giving of these charges. Other cases cited to the proposition of harmless error are even more plainly without application.

Some of the evidence seems to have been directed to proving that the insured had died of an aneurism of the aorta, and had been afflicted with that trouble before the policy was issued—facts which would have gone to support plea 10—and thereupon appellee contends that the issue made by that plea having been tried out in the evidence, the overruling of the plea should be held not to have prejudiced the defense. Appellee cites in this connection *Terrell Coal Co. v. Lacey,* 31 South. 109. That case did not find its way into our official reports. So far as it is relevant to questions raised by this record, we do not see that it does more than assert the principle which has already been given effect, which is that the overruling of a plea is not to be held for error, where it appears affirmatively that the defendant had the full benefit of the defense under another plea, which was al-

lowed.  It does not appear that the issue which defendant attempted to get before the jury by plea 10 was in fact considered by the jury. We must presume that the court adhered to the ruling by which that defense was excluded.

For the reasons stated, we are of opinion that there is error in the record prejudicial to the appellant, and that the judgment must be reversed.

Reversed and remanded.

ANDERSON, MAYFIELD, and SOMERVILLE, JJ., concur.