(113 So. 615)

## COTTON STATES LIFE INS. CO. v. CROZIER. (7 Div. 730.)

Supreme Court of Alabama. June 30, 1927.

1. **Insurance** ⬤⟞640(2)—**Insurer's plea, setting up provision requiring sound health of insured, held defective in not averring disease increased risk.**

Defendant's plea, in action on life insurance policy, setting up provision of policy that no obligation was assumed by insurer, unless insured at time of delivery was alive and in sound health, *held* defective in not averring that serious disease of heart imputed to assured increased risk of loss, since such provision is in legal effect a warranty, and governed by principles of law applicable thereto.

2. **Pleading** ⬤⟞208—**Demurrer, failing to point out defects in plea, and assigning grounds which were invalid, held improperly sustained.**

Where demurrer to insurer's plea, setting up provisions of life insurance policy that no obligation was assumed unless insured was alive and in sound health, did not point out defects in failure to aver that disease imputed to insured increased risk, and grounds of demurrer actually assigned were invalid, the demurrer was improperly sustained.

3. **Insurance** ⬤⟞550, 665(7)—**Death certificate was evidence only of compliance with requirements of policy, not of truth of facts stated.**

Physician's death certificate, filed with insurer as part of proofs of death, was not evidence for plaintiff, in action on policy against defendant of truth of any of its statements of fact, but only of plaintiff's compliance with requirements of policy in that behalf.

4. **Evidence** ⬤⟞215(1)—**Statements in death certificate, filed with insurer, including statement that assured died of heart disease, was evidence in nature of admissions against beneficiary.**

Statements in death certificate, filed with insurer as part of proofs of death, including

statement that assured died of heart disease, which had existed for some years, constituted evidence, in nature of admissions, against beneficiary in action on policy by way of admissions.

**5. Insurance ⬅550—Statements in physician's death certificate, if unrebutted or unexplained, are binding and conclusive on beneficiary.**

Statements in physician's death certificate, filed with insurer as part of proofs of death, including statement that assured died of heart disease, which had existed for some years, if unrebutted or unexplained, or unqualified, by other evidence, are binding and conclusive on beneficiary.

**6. Evidence ⬅215(1)—Second death certificate substituting contradictory statement held inadmissible, unless delivered to, and accepted by, insurer.**

In action on life insurance policy, second death certificate by physician, substituting a contradictory statement as to duration of disease from which assured died, *held* inadmissible at instance of plaintiff, in absence of showing that it was delivered to, and accepted by, insurer in lieu of, or as supplementary to, original certificate.

**7. Pleading ⬅176—Special replications denying truth of pleas charging insured's deceit in representations in application for policy held not demurrable.**

Special replications to defendant's pleas, in action on life insurance policy, constituting in effect denials of truth of pleas charging deceit in representations made by insured in written application for policy, amounted to general issue, and were not demurrable, though containing some allegations of fact.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Action by Lula Crozier against the Cotton States Life Insurance Company. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Reversed and remanded.

This action is brought by plaintiff as beneficiary under a policy insuring the life of her adopted mother, Dillie Smith. The policy was issued on September 21, 1925, and the insured died on February 16, 1926.

The policy contains this provision following the insurance clause:

"Provided, however, that no obligation is assumed by this company prior to the date and delivery of this policy, nor unless at the time of said delivery the insured is alive and in sound health."

Plea 2 sets up this provision of the policy, and "avers that at the time the policy was delivered the insured was not in sound health, but was afflicted with a serious disease of the heart." A demurrer was sustained to this plea, the grounds of which were as follows:

"(1) Said plea 2 makes no answer to the complaint, in that it fails to state when it de-

livered said policy, or does it aver when or whether it ever delivered said policy.

"(2) For aught that appears in said plea, the defendant was on her deathbed at the time of the delivery of said policy, and that the defendant had taken and accepted many premiums on its said contract.

"(3) For aught that appears in said plea, the defendant wrongfully or fraudulently withheld said policy from the plaintiff in order to take advantage of its own wrong.

"(4) For that said plea 2 fails to answer said complaint or to show any legal reason for not paying the amount due under the terms of the policy to the deceased's beneficiary."

Plea 4 is as follows:

"For further answer to the complaint the defendant says that the insured made a written application to it for the issuance of said policy, and in said application she stated that she was in sound health, and the defendant avers that, at this time she made and signed said application, she was not in sound health, in this, that the insured was then suffering from, and afflicted with, heart disease, and that she knew she was suffering from said disease, and was not in sound health and safely insurable, and that said answer was false, and said insured knew it was false, and it was made by her with intent to deceive, and did deceive, the defendant, who relied on said representations in the issuance of said policy."

Demurrer to plea 4 was overruled.

Defendant then filed pleas 5 and 6, setting up the same provision as in plea 2, and averring that the insured in her application for the policy falsely represented that she was then in sound health, when in fact she was afflicted (plea 5) "with heart disease, and that such disease increased the risk of loss to the defendant"; and (plea 6) "with a serious disease of the heart, and that such misrepresentation increased the risk of loss."

Demurrers to these pleas were overruled, and plaintiff replied as follows:

"The plaintiff joins issue on pleas 5 and 6, and says that each plea is wholly untrue; that the facts are she was in good health, of fine appearance, and making her own living at hard labor for a woman of her years; that at the time she executed the application mentioned in said pleas the representation was reasonably and apparently true. And she denies each allegation thereof."

Demurrer to this replication was overruled. The jury found for the plaintiff, and from the judgment thereon defendant appeals.

Victor Vance, of Gadsden, for appellant.

It was error to sustain demurrer to plea 2. Metropolitan L. I. Co. v. Goodman, 10 Ala. App. 446, 65 So. 449; Manhattan L. I. Co. v. Verneuille, 156 Ala. 592, 47 So. 72; Code 1923, § 8371. Plaintiff's replications were subject to demurrer. 12 Cyc. 12. Evidence of friends that insured was apparently in good health is not sufficient to overcome positive statements of a physician.

---

Kipp v. Metropolitan L. I. Co., 41 App. Div. 298, 58 N. Y. S. 494; 25 Cyc. 945.

O. B. Roper, of Gadsden, for appellee.

Under the evidence it is clear that the insured thought her health was good when the policy was delivered. 37 C. J. 402; Mass. Mutual L. I. Co. v. Crenshaw, 186 Ala. 460, 65 So. 65. The evidence fails to show any intent to deceive. Code 1923, § 8364; Empire L. I. Co. v. Gee, 171 Ala. 435, 55 So. 166; Mass. Mutual L. I. Co. v. Crenshaw, 195 Ala. 263, 70 So. 768. The second certificate of death was admissible. 37 C. J. 560.

SOMERVILLE, J. The provision of the policy set up in plea 2, notwithstanding it is in the form of a condition precedent to the operation of the contract of insurance, has been held by this court to be in legal effect a·warranty, and governed by the principles of law applicable to warranties. Mutual Life Ins. Co. v. Mandelbaum, 207 Ala. 234, 92 So. 440, 29 A. L. R. 649.

[1] This plea was therefore defective in not averring that "the serious disease of the heart" imputed to the assured increased the risk of loss. Mandelbaum's Case, supra; Sov. Camp, etc., v. Hutchinson, 214 Ala. 540, 108 So. 520.

[2] The demurrer, however, did not point out this defect, and the grounds of demurrer actually assigned were invalid; the plea not being otherwise defective. Sov. Camp, etc., v. Hutchinson, supra.

The demurrer to plea 2 was therefore improperly sustained; and, as the defendant did not have the benefit of its defense under any other plea, nor under the instructions of the trial judge to the jury on the evidence, the error was prejudicial.

[3-5] The physician's death certificate, filed with defendant as part of the proofs of death, was not evidence for plaintiff, against defendant, of the truth of any of its statements of fact, but only of plaintiff's compliance with the requirements of the policy in that behalf. 37 Corp. Jur. 560, § 316; Id. 632, 633, §§ 434, 435. The statements in the certificate, however, including the statement that the assured died of heart disease, which had existed for "two or three years," and for which the physician had treated her during that time, were evidence against plaintiff by way·of admissions. 37 Corp. Jur. 632, § 435. And such statements, if unrebutted or unexplained, or unqualified, by other evidence tending to show that they are erroneous or untrue, are held as binding and conclusive on the beneficiary. 37 Corp. Jur. 561, § 316.

[6] But evidence in contradiction or impeachment must be legal and not hearsay evidence; and hence the second certificate, signed by the physician, substituting a contradictory statement as to the duration of

the lethal disease for the statement made in the original certificate, was not admissible in evidence at the instance of plaintiff, unless it was shown to have been delivered to and accepted by defendant in lieu of, or as supplementary to, the original certificate. No such proof being offered, and objection, with exception, having been made on that ground, the admission of the second certificate, dated March 11, 1926, was erroneous and prejudicial.

[7] Plaintiff's special replications to pleas 4, 5, and 6, charging deceit in her representations made in her written application for this policy, were in effect denials of the truth of the pleas, amounting to the general issue; and, though they contained some allegations of fact, they were not subject to demurrer.

For the errors noted, the judgment will be reversed and the cause remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.