(115 So. 12)

### NATIONAL LIFE & ACCIDENT INS. CO. v. PUCKETT. (6 Div. 871.)

Supreme Court of Alabama. Oct. 13, 1927.

Rehearing Denied Jan. 12, 1928.

1. Insurance ⊕⇒629(1)—Complaint, in action on life insurance policy, following Code form, held sufficient as against demurrer (Code 1923, § 9531, form 12).

Complaint, in action on life insurance policy, following Code 1923, § 9531, form 12, must be held sufficient as against any ground of demurrer.

2. Insurance ⊕⇒550—Statements of physician in proofs of death must be taken as prima facie true, as against beneficiary, and, unless contradicted, are conclusive.

Statements of physician in proofs of death presented by beneficiary to insurer must be taken as prima facie true, as against beneficiary, and, unless contradicted or avoided by competent evidence, they are conclusive.

3. Insurance ⊕⇒665(3)—Physician's statement in proofs of death that duration of diseases causing death was one year was not conclusive that insured had cancer when policy was issued several months before death; "general asthenia."

Physician's statement in proofs of death furnished insurer that cause of death was "general asthenia carcinoma of prostate," and that

its duration from physician's personal knowledge and belief was one year, was not conclusive evidence that insured had cancer of prostate gland when policy was delivered about four months before death, since "general asthenia" means want or loss of strength, debility, diminution of vital forces, and the general asthenia might have resulted from some other undiagnosed malady.

4. Insurance ⊕⇒668(7)—Whether insured had disease rendering health unsound when life policy was delivered held for jury.

In action on life insurance policy, question whether insured had cancer of prostate gland or any other serious disease when policy was delivered to him, so as to render state of his health unsound, held for jury.

5. New trial ⊕⇒72—Evidence that insured had serious disease when policy was delivered held insufficient to justify setting aside verdict on motion for new trial.

Evidence that insured had cancer of prostate gland or any other serious disease when insurance policy was delivered to him, so as to render state of assured's health unsound, held not so strong and compelling as, to justify setting aside verdict for plaintiff on motion for new trial.

6. Insurance ⊕⇒655(2)—Where insurer claimed insured was not in sound health when policy was delivered, evidence that insured worked in blacksmith shop until shortly before death held properly admitted.

In action on life insurance policy, in which defendant claimed that insured was not in sound health when policy was delivered to him, admitting evidence that insured was a blacksmith and worked in shop until month or two before he died, handling large iron sledge hammer, held not error, since evidence was relevant to issue.

Appeal from Circuit Court, Jefferson County, Bessemer Division; J. C. B. Gwin, Judge.

Action on a policy of life insurance by Josephine Puckett against the National Life & Accident Insurance Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Mathews & Mathews, of Bessemer, for appellant.

No liability could be assumed by defendant, unless the insured was in sound health at the date of delivery of the contract sued upon, and it is immaterial whether insured knew he was suffering from the disease which resulted in his death. Murphy v. Metropolitan L. I. Co., 106 Minn. 112, 118 N. W. 356; Metropolitan L. I. Co. v. Howle, 62 Ohio St. 204, 56 N. E. 909; Metropolitan L. I. Co. v. Chappell, 151 Tenn. 299, 269 S. W. 24; Miller v. Metropolitan L. I. Co., 214 Ala. 4, 106 So. 335; Metropolitan L. I. Co. v. Hyche, 214 Ala. 447, 108 So. 40. Sound health, as used in contracts of insurance, means that the subject must be free from any disease that has a direct ten-

---

⊕⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

'dency to shorten life. Authorities, supra. The notice and proof of death are prima facie evidence of the statements therein, as against the insured. 33 C. J. 18. The motion for a new trial, on the ground that the verdict was contrary to the evidence, should have been granted. Murphy v. Metropolitan L. I. Co., supra.

Huey & Welch, of Bessemer, for appellee.

The question of the state of insured's health and whether he died of cancer were for the jury. Beason v. W. O. W., 208 Ala. 276, 94 So. 123; Ala. G. L. Ins. Co. v. Mobile M. Ins. Co., 81 Ala. 329, 1 So. 561. The motion for new trial was properly overruled. 10 Michie's Ala. Dig. 635; 14 Michie, 538. On the issue of good health, evidence of the fact that insured was about his regular business was admissible. 37 C. J. 623; Valentini v. Metropolitan L. I. Co., 106 App. Div. 487, 94 N. Y. S. 758.

SOMERVILLE, J. [1] The complaint follows the Code form, and must be held sufficient as against any ground of demurrer. Section 9531, form 12, Code 1923. It should be noted that the form provided by former Codes has been amended by the omission of averment as to the term of the insurance.

The defense insisted upon for the invalidation of the policy is that at the time it was issued and delivered to the insured he was not in sound health, but was in fact afflicted with cancer of the prostate gland, which caused his death about four months later. If the insured had that disease at that time, then, as a matter of law, he was not in "sound health," and the condition imposed upon the operation of the policy was violated.

In the proofs of death presented by the beneficiary to the company, Dr. Stickley, who attended the insured during his last illness and until his death on November 11, 1923, stated that he first visited him on October 21, 1923; that the cause of his death was "general asthenia carcinoma of prostate"; that the duration of the disease, from the history given, was twenty-one days; and that its duration, from the physician's "personal knowledge and belief," was one year.

[2] Such statements are to be taken as prima facie true, as against the beneficiary, and, unless contradicted or avoided by competent evidence, they are conclusive. Cotton States Life Ins. Co. v. Crosier, 216 Ala. 537, 113 So. 615.

[3] These statements by Dr. Stickley have not been contradicted or avoided, but the trouble is they are not in themselves clear and definite to the conclusion insisted upon by appellant.

General asthenia is defined in Webster's New International Dictionary as "want or loss of strength, debility, diminution of the vital forces." Defendant's medical witness, Dr. Williamson, testified that general as-

thenia is a general breaking down or giving way of the system. Manifestly, it is simply a pathological condition resulting from any specific malady sufficiently serious and advanced to produce it.

If Dr. Stickley had stated that the assured died from cancer of the prostate gland alone, and that in his opinion that disease had existed for a year previous, or that it had its inception before the delivery of the policy on July 16, 1923, his report might have been conclusive evidence against the beneficiary on those decisive questions. But if the cause of the insured's death was not only prostatic cancer, but also a general asthenia, which may—as appears—have resulted from some other undiagnosed malady, then it cannot be held as conclusive evidence that the cancer had its inception more than three months and twenty-five days before the death of the insured. In short, while this statement was conclusive evidence that insured was afflicted with cancer of the prostate gland at the time of his death, it was not conclusive evidence that that condition existed when the policy was delivered to the insured. Nor does the expert testimony of Dr. Williamson establish that fact conclusively; for, while he stated that in his opinion such a cancer would not alone cause death within four months, and usually lasts at least a year before it becomes serious, yet, so far as the evidence shows, it may have coexisted with other maladies during the period between delivery of the policy and the death of the insured, and general asthenia and death may have resulted from their combined operation within a shorter period than would have been required for the same result from cancer alone.

[4, 5] On the whole evidence, it cannot be soundly affirmed, as a matter of law, that this cancer, or any other serious disease, had definitely begun prior to the delivery of the policy, so as to render the state of assured's health unsound. Nor can we say that the evidence pointing to such a conclusion is so strong and compelling as to justify the setting aside of the verdict on motion for new trial. The case of Murphy v. Met. Life Ins. Co., 106 Minn. 112, 118 N. W. 357, relied upon by appellant, involved expert testimony quite different in character and effect from that in the instant case.

The plaintiff was allowed to testify, over defendant's objection, that her husband, the assured, was a blacksmith and worked in the shop up until a month or two before he died, handling a large iron sledge hammer.

[6] As indicative of persistent strength, and therefore, inferentially, of general health, we think this evidence was relevant to the issue, though its probative value was slight. Of course, it would not rebut the direct and positive testimony of an expert physician that disease, nevertheless, existed at the time. But defendant's medical testimony is not of that positive character.

These are the only questions argued in appellant's original brief, and all other questions must be treated as waived.

Finding no prejudicial error in the record, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.