(118 So. 327)

**COTTON STATES LIFE INS. CO. v. CROZIER.   (7 Div. 827.)**

Supreme Court of Alabama.   Oct. 11, 1928.

Victor Vance, of Gadsden, for appellant.

O. B. Roper, of Gadsden, for appellee.

BROWN, J. ■ This is the second appeal. See Cotton States Life Ins. Co. v. Crozier, 216 Ala. 537, 113 So. 615. The fact that testimony embodied as a deposition may be incompetent, or irrelevant and illegal, or is contradictory of other evidence to be adduced, is not sufficient cause for suppressing the deposition.

■ Objection going to the competency, legality, or relevancy of the testimony should be made on the trial when the deposition is offered as evidence in the case. Moore v. Robinson, 62 Ala. 537; M. & C. R. R. Co. v. Maples, 63 Ala. 601; 3 Brick. Dig. 446, § 610. And the fact that the testimony is contradicted goes to its credibility rather than to its admissibility.

■ On the second trial, the plaintiff testified that she did not furnish to the defendant the "death certificate" signed by Dr. Argo, and attached to the proof of death, containing a statement by the doctor that the assured died of heart disease which had existed for "two or three years"; that this certificate was furnished to the plaintiff by the defendant's agent, as may be assumed, construing doubtful intendments in the bill of exceptions against the appellant, to be attached to the proof of death. This testimony was not disputed, and on this hypothesis the court's instruction to the jury that any statement in this certificate as to the cause of death or the duration of the disease was purely hearsay correctly states the law.

On the former appeal it appeared that this certificate was procured from the doctor by the plaintiff and furnished by her to the defendant as a part of the proof of death, presenting the question in a different light. Cotton States Life Ins. Co. v. Crozier, supra.

The question of defendant's liability, under the evidence, was for the jury, necessitating the refusal of the affirmative charge in its different forms, requested by the defendant.

■ The special charge, made the predicate for assignment of error 5, asserting that a release in writing of a matured obligation for the payment of money, given without consideration, was sufficient to extinguish liability, was properly refused. Abercrombie v. Goode, 187 Ala. 310, 65 So. 816.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.