(118 So. 495)

**INDEPENDENT LIFE INS. CO. OF AMER-
ICA v. McCURRY. (8 Div. 569.)**

Court of Appeals of Alabama. Oct. 30, 1928.

Cooper & Cooper, of Huntsville, for appellant.

John E. McEachin, of Huntsville, for appellee.

Brief did not reach the Reporter.

SAMFORD, J. ██ The plaintiff claims as beneficiary under a policy of life insurance issued by defendant on the life of Jesse Linzy. The policy was issued May 5, 1924, and insured died April 12, 1925. Proof of death was duly made and is not disputed. It is not disputed that all premiums were paid and received by the company, but it is contended that there was a lapse of the policy some time in 1924, and that it was reinstated at a time when insured was not in good health, of which fact of ill health the company had no notice. The fact of lapse of the policy was one of the litigated issues and upon which the evidence was in conflict. In aid of its contention the defendant sought to introduce a purported application for revival which contained certain recitals and warranties. The court sustained the plaintiff's objection to this application. There is no proof that the insured signed the application offered, and for that reason, if for no other, the court committed no error in sustaining the plaintiff's objection. It was incumbent upon the defendant to have proven the genuineness of the application. Owensboro Wagon Co. v. Hall, etc., 149 Ala. 210, 43 So. 71.

██ It is true the objection was general, but the ruling of the court excluded the evidence offered. Where this is the case the trial court will not be put in error where the evidence is obnoxious to any rule whatever. L. & N. R. R. Co. v. Fleming, 194 Ala. 51, 69 So. 125.

██ It is insisted in the next place that the policy sued on was void from its date and never took effect. This statement is based upon the testimony of Dr. Bryant, who examined insured shortly before his death on March 27, 1925, and testified both in his certificate of death and by deposition that at the time of death insured was suffering from tuberculosis and that the disease was of ten months' duration. This witness testified that from the examination made he could not tell the exact time insured had been suffering from T. B. In the certificate of death this same physician gives as: "A contributory cause of death, Flu." The evidence for plaintiff was positive to the conclusion that at the time the policy was taken out insured was in good health. The expert testimony of Dr. Bryant does not establish the date of the beginning of the disease. At most, this testimony makes the question one for the jury. Nat. L. & A. Co. v. Puckett, 217 Ala. 110, 115 So. 12; So. L. & H. Ins. Co. v Morgan, 216 Ala. 529, 113 So. 540; Met. L. Ins. Co. v. Shaw, ante, p. 54, 112 So. 179. Under the evidence in this case the question was for the jury.

██ The foregoing are all the questions argued in brief. Other exceptions are therefore waived.

We find no error in the record, and the judgment is affirmed.

Affirmed.