## NATIONAL LIFE & ACCIDENT INS. CO. v. SHERMAN.

### 6 Div. 852.

Supreme Court of Alabama.

March 5, 1931.

Mathews & Mathews, of Bessemer, for appellant.

McEniry & McEniry, of Bessemer, for appellee.

GARDNER, J.

The insured died a natural death one week after the issuance of the policy here sued upon, and the defense rested upon that provision in the policy to the effect that no obligation was assumed unless insured was on the date thereof in sound health. It may be conceded upon that issue a jury question was presented. Independent Life Ins. Co. v. Carroll, 219 Ala. 79, 121 So. 88; Independent Life Ins. Co. v. Butler, 221 Ala. 501, 129 So. 466; Nat. Life & Acc. Ins. Co. v. Puckett, 217 Ala. 110, 115 So. 12.

But we are of the opinion that the weight of the evidence was so decisive against the plaintiff that a new trial should have been granted, upon a consideration of which it is also proper, in connection with the entire case, to take some account of improper argument of counsel for plaintiff (Metropolitan Life Ins. Co. v. Carter, 212 Ala. 212, 102 So. 130; Ala. F. & Iron Co. v. Williams, 207 Ala. 99, 91 So. 879), which here forms a separate assignment of error (F. W. Woolworth v. Erickson, 221 Ala. 5, 127 So. 534).

The physician who had attended insured for two years previous to her death gave the immediate cause as acute myocarditis, inflammation of the muscles of the heart, a very serious disease. His testimony shows she had suffered from two attacks of the "flu" during the year 1928, and that this heart trouble resulted from the latter attack in Oc-

tober, 1928, which was a severe one, requiring medical treatment for three weeks. In November, 1928, he discovered she had myocarditis. His diagnosis appears to be corroborated by the sudden death of insured (who was under forty years of age, weighing 160 pounds) in so short a time thereafter.

The entire evidence has been carefully read and considered, and the conclusion reached that the ends of justice require a retrial of the cause.

Let the judgment be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.