148 So. 338

## EQUITABLE LIFE ASSUR. SOC. v. GARRETT.

### 8 Div. 783.

Court of Appeals of Alabama.
May 16, 1933.

Howze & Brown, of Birmingham, for appellant.

H. H. Hamilton and Wm. L. Chenault, both of Russellville, for appellee.

RICE, Judge.

Appellee sued to recover disability benefits under a life insurance policy which provided: "In the event that any employee while insured under this policy and before attaining age 60 becomes totally and permanently disabled by bodily injury or *disease* (italics ours) and will thereby presumably be continuously prevented for life from engaging in any occupation or performing any work for compensation of financial value * * * the Society will * * * pay," etc. And, further, that "the insurance under this policy * * * shall automatically cease * * * upon termination of his employment," etc.

The following facts were shown in the evidence without dispute, to wit: "The policy under which the suit is brought is what is known as a Group Policy and was issued by appellant to Sloss-Sheffield Steel and Iron Company, on Jan. 16, 1931, covering etc. all its employees, of whom appellee was one; that appellee continued so to work etc. for said Steel and Iron Company until May 18, 1931, upon which date he, along with a number of other employees, was 'cut off,' or discharged—in the process of 'reducing the force,' etc.; that a day or two after he was so 'cut off' or discharged he applied to that one of said Steel and Iron Company's employees who had had supervision over him while he was employed by that Company, and who had cut him off, or discharged him, for more or other work."

Failing to obtain work as applied for, appellee brings this suit, alleging, etc., that he, before attaining age of 60, and while employed, etc., by said steel and iron company, became "totally and permanently disabled by bodily injury or disease," etc.

The most favorable construction that can be placed upon the testimony introduced, as tending to support appellee's claim, is that it was to the effect that he became totally, etc., disabled, etc., as the result of "senility."

The parties laid great stress upon the question of whether or not "senility" is a *disease*. And it is an interesting question. But while, as we view the case, we do not have to decide that question, we might say that as best we can understand the definitions of the two words "disease" and "senility" given in the various dictionaries—law, medical, and English—we have consulted (not having been able to find where any *court* has decided the question), "senility" *is* a disease. See Webster's New International Dictionary, etc.; and Perry v. Van Matre, 176 Mo. App. 100, 161 S. W. 643, 647. But see, also, Independent Life Ins. Co. of America v. Butler, 221 Ala. 501, 129 So. 466; and 37 C. J. p. 460, note 8(a).

The reason the decision of the above question is unnecessary to a disposition of this appeal is that by the undisputed testimony appellee ceased to be an employee of the steel and iron company mentioned above on *May 18, 1931.*

The only testimony in the case even *tending* to show his total, etc., disability, etc., was as to a time *subsequent* to said date—when he was *not* covered by the policy sued on.

Apparently he would have us hold that it was open to the jury to infer that his disability, etc., existed *prior* to May 18, 1931. But it was established without dispute that continuously *up to* May 18, 1931, he was engaged regularly and normally in full performance of all the duties of his regular business, etc. This being true, the holding and inference he invites cannot be indulged. New York Life Ins. Co. v. Torrance, 224 Ala. 614, 141 So. 547.

So, regardless of whether or not he suffered total, etc., disability, etc., as the result of *disease* (senility), he did not, by the uncontradicted evidence, suffer same "while insured under this policy," etc.

It results that the duly requested general affirmative charge should have been given in appellant's favor, and that for its refusal the judgment is reversed, and the cause remanded.

Reversed and remanded.